George A. STAFFEND et al., Plaintiffs,

v.

LAKE CENTRAL AIRLINES, INC., et al., Defendants.

No. C 68–597.

United States District Court
N. D. Ohio, E. D.

June 5, 1969.

Frank Mancino, Cleveland, Ohio, for plaintiffs.

John A. Murphy, Jr., Lakewood, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This is an action seeking damages for injuries sustained by the plaintiff, George A. Staffend, allegedly as a result of the actions of the defendants. The Complaint alleges two causes of action. The first is an action on behalf of George A. Staffend himself seeking damages for his injuries. The second cause of action is brought by Alice Z. Staffend seeking damages for "deprivation of services and consortium of her husband."

The defendants have previously moved the Court to dismiss the second cause of action for the reason that Ohio law does not recognize such a right. The issue of whether Ohio law recognizes a right of a wife to the services and consortium of her husband has been the subject of considerable controversy in the Ohio courts and in the federal courts applying Ohio law. The existing decisions on this issue are in conflict, but the question is presently before the Supreme Court of Ohio in the case of Braun v. Styles, Supreme Court Case No. 68–594. That case has been argued before the Ohio Supreme Court, but has not yet been decided.

In view of the fact that the issue presented by the defendants' motion to dismiss is now before the Supreme Court of Ohio, this Court, in a previous order dated April 29, 1969, stayed determination of the defendants' motion to dismiss pending a ruling by the Ohio Supreme Court in Braun v. Styles.

On May 26, 1969, the defendants filed an Offer of Judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure. The offer is in the amount of $1000.00 plus costs incurred to date.

On June 2, 1969, plaintiffs filed a "Motion to Hold Offer of Judgment in Abeyance." Plaintiffs, in this motion, seek to have the Offer of Judgment held in abeyance pending a determination on the defendants' motion to dismiss plaintiffs' second cause of action.

In spite of exhaustive research, the Court has been unable to find a single reported case considering the question of whether a court, by order, may hold open an Offer of Judgment beyond the ten-day period provided in Rule 68.

The relevant portions of Rule 68 are as follows:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable then the offer, the offeree must pay the costs incurred after the making of the offer."

The purpose of Rule 68 is "to encourage settlements and to avoid protracted litigation." 7 Moore's Fed. Pract., ¶68.02. It has the additional purpose, in the event the Offer of Judgment is not accepted, "to fix responsibility for costs thereafter." Nabors v. Texas Co., 32 F.Supp. 91 (W.D.La.1940).

For a court to extend the ten-day period within which the Offer of Judgment must be accepted would undermine the purpose of Rule 68. Rule 68 is intended to encourage early settlements of litigation. It is also intended to protect the party who is willing to settle from the burden of costs which subsequently accrue. The provision in the rule

which imposes costs upon a party who refuses an Offer of Judgment and who later recovers no more than the offer also puts teeth in the rule and makes it effective by encouraging acceptance.

If this Court were to extend the period in which the plaintiffs may accept the defendants' Offer of Judgment, the usefulness of Rule 68 would be substantially destroyed. Defending parties would be discouraged from utilizing the Rule 68 procedure to settle litigation. Indeed, utilizing Rule 68 would be a hazardous undertaking for any defending party. The value of any lawsuit for settlement purposes varies from time to time and often from day to day. For example, the settlement value of the litigation here will vary substantially depending on the Supreme Court of Ohio's ruling in Braun v. Styles. No sensible defendant would make an Offer of Judgment under Rule 68 if he knew the offer might be kept open for an indefinite period of time, even though the value of the litigation might change. In the present case, if Braun v. Styles decides that a wife has no action for the loss of consortium of her husband, this case might have a lower settlement value to the defendants. If the courts were inclined to extend the period within which the Rule 68 Offer of Judgment might be accepted, defendants such as those in the present case would be discouraged from utilizing the formal Rule 68 procedures. Rather, they would revert to informal methods of compromising litigation, since any offer they made under Rule 68 might be made binding for an indefinite period of time.

In addition, if this Court were to extend the ten-day period, the sanction provided by Rule 68 would be negated. The advantage to a defendant of utilizing the Rule 68 procedure is that if his Offer of Judgment is not accepted, he may escape the imposition of further costs where the plaintiff does not eventually secure a judgment exceeding the offer. Extending the ten-day acceptance period would deprive the defendant of the advantage of using Rule 68, since the plaintiff could accept at a much later date, possibly imposing the intervening costs on the defendant.

The rule itself does not seem susceptible of an interpretation justifying an extension of the ten-day period. It provides for acceptance only by serving written notice on the offering party within ten days after the offer. It then states: "An offer not accepted shall be deemed withdrawn. * * *" The rule thus provides a specific time period and method by which acceptance must be made. An offer which is not accepted *shall* be deemed withdrawn. The language of the rule thus indicates that an acceptance must occur within ten days; and if the offer is not accepted, the Court must determine it to be withdrawn. There does not seem to be any area present in which adjustment by the Court is possible.

From the above, the Court concludes that it has no authority to hold the defendants' Offer of Judgment in abeyance. The Court further concludes that unless the offer is accepted in accordance with Rule 68 within ten days after service upon the plaintiffs, the offer will be deemed withdrawn with the resulting effects specified in Rule 68.

It is, therefore, ordered that plaintiffs' motion to hold the defendants' Offer of Judgment in abeyance is overruled.