Dale EVERSON, individually and d.b.a.
Everson Electric, Respondent,

v.

Jerome KAPPERMAN, individually and
d.b.a. Kapperman Construction,
Respondent,

Transamerica Bond Company,
Defendant,

City of Pipestone, Appellant.

No. C9–82–1328.

Supreme Court of Minnesota.

Jan. 20, 1984.

James E. Malters, Worthington, for appellant.

William P. Scott, Pipestone, for respondent Everson.

Benjamin Vander Kooi, Jr., Luverne, for respondent Kapperman.

AMDAHL, Chief Justice.

This is a case of first impression. The issue on appeal is whether an offer of judgment made pursuant to Rule 68.01 of the Minnesota Rules of Civil Procedure can be accepted 2 years after the offer was tendered.

In 1975 the City of Pipestone solicited bids for the renovation of its Main Street. Kapperman Construction was awarded the contract and began work on the project in the spring of 1977. Subsequent to the completion of the project in the fall of 1977, Everson Electric, a subcontractor on the project, brought an action alleging that Kapperman owed Everson $30,690.48 on the electrical subcontract. Everson included the City as a defendant because the City held the retainage on the contract.

On September 19, 1977, the City served a Rule 68.01 offer of judgment on both Ever-

son and Kapperman. This offer was expressly rejected by Kapperman. On November 14, 1977, the City served an amended offer of judgment on Everson and Kapperman. It is the purported acceptance of this amended offer that gave rise to the instant case.

Although the settlement proposal was characterized by the City as an offer of judgment, the terms consisted of a confusing mixture of a Rule 67 deposit in court and a Rule 68 offer of judgment. The City admitted retaining $37,183.35 in its possession as the balance due remaining on the contract with Kapperman. The City also offered to deposit the balance due in court and to abide by the court's determination of the respective rights to the deposit. No evidence exists, however, that a deposit was made and therefore we will consider the settlement device used as a Rule 68 offer of judgment. After service of the amended offer, the parties continued to negotiate through their attorneys.

During this time the City was experiencing problems with the work completed by Kapperman.[1] On August 6, 1978, the City Council passed a resolution never to hire Kapperman again because of the defects in the Main Street renovation job. Two weeks later, the City Council passed a resolution to discontinue all remaining payments to Kapperman until the problems with the project were resolved.

Meanwhile, the negotiations between the three parties continued; these negotiations never concerned an amount exceeding the amount in the amended offer. On October 22, 1979, almost 2 years later, Everson and Kapperman signed a notice of acceptance of the amended offer of judgment.

Judgment was entered by the clerk of court on October 25, 1979. Shortly thereafter, on November 9, 1979, the City moved to vacate the judgment. The Pipestone County District Court heard arguments on the motion on January 14, 1980, and March 11, 1980. Finally, the trial court issued an order denying the City's motion to vacate the judgment on September 9, 1982. The City appealed this order on October 8, 1982.

Throughout the settlement negotiations Everson's position was that the dispute was between the City and Kapperman and that Everson only wanted the amount due and owing on the electrical subcontract. Subsequent to this appeal, Everson and the City settled. As a result, this appeal specifically concerns the effect of the acceptance of a 2-year old offer of judgment tendered by a defendant to the plaintiff and a codefendant when the plaintiff has subsequently settled with the tendering defendant.

Rule 68.01 of the Minnesota Rules of Civil Procedure provides in part as follows:

At any time more than *one day*[2] before trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property, * * *, with costs and disbursements then accrued. * * * *An offer not accepted shall be deemed withdrawn*, and evidence thereof is not admissible, * * *.[3]

(Emphasis added.)

The federal version of Rule 68 requires that the offer of judgment be served more than 10 days prior to trial. Fed.R.Civ.P. 68. The offer must be accepted, formally, within that 10-day period. The majority

---

**1.** For example, when the new sewer lines were installed, Kapperman failed to pack the earth around the new lines adequately. As a result, the ground settled and cracked a number of the new lines.

**2.** The corresponding federal rule was modeled after the predecessor to Rule 68.01, *see* 7 Pt. 2, Moore's Federal Practice ¶ 68.01[2] (1982), and reads in part as follows:

At any time more than *10 days* before trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer * * *.

Fed.R.Civ.P. 68 (emphasis added).

**3.** There is a remarkable paucity of Minnesota case law regarding Rule 68 and as a result federal law serves as a primary source in this opinion.

view is that the offer is irrevocable during this 10-day period unless expressly rejected. This view is based on the "encourage settlement" rationale of the rule. *See* 7 Pt. 2, *Moore's Federal Practice* ¶ 68.05–.06 (1983); 12 Wright and Miller, *Federal Practice and Procedure* § 3004 (1973). *See generally* Udall, *May Offers of Judgment Under Rule 68 Be Revoked Before Acceptance?* 19 F.R.D. 401 (1957).

In the instant case, Kapperman asserts that the trial court was correct in ruling that Everson could accept an offer of judgment 2 years later. The trial court held:

> The City of Pipestone clearly made a bona fide offer of judgment. * * * [T]his Court does reach the conclusion that without written notice of withdrawal the offer of judgment does remain in full force and effect and becomes binding on the party making the offer if the offer is accepted prior to trial. Whatever negotiations may have been carried on after the offer was made and before notice of acceptance was given did not have any legal effect upon the offer. The Rules of Civil Procedure simply make no provision for such withdrawal, and in the opinion of the Court the clear and unambiguous wording of the Rule gives no basis for an interpretation that such negotiations constitute a withdrawal of the offer of judgment.

Kapperman and the trial court, at least by inference, rely on numerous federal cases holding that an offer of judgment is irrevocable during the 10-day period expressly provided for in Federal Rule of Civil Procedure 68(a). They reason that given the absence of an express time period in Rule 68.01 of the Minnesota Rules of Civil Procedure, and the notion of irrevocability evinced by federal cases, that the Minnesota rule allows for an indefinite period of irrevocability. The justification for this conclusion is alleged to be the need to satisfy the purpose of Rule 68.01—to encourage settlement.

Several reasons compel rejection of this reasoning. First, the 10-day provision provided by Federal Rules of Civil Procedure 68 is chiefly a timing device; a defending party is allowed to make an offer of judgment under the rule as long as the offer occurs 10 days prior to the onset of trial. The Minnesota rule also allows a party to make an offer of judgment during a specific period of time—anytime before the day of trial. Second, to hold that an offer of judgment under Minn.R.Civ.P. 68.01 is irrevocable for an indefinite period of time would inhibit rather than encourage settlement.

*Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218 (N.D.Ohio 1969), decided whether "a court, by order, may hold open an Offer of Judgment beyond the ten day period provided in Rule 68." 47 F.R.D. at 219. The court held that it could not extend the 10-day period.

> The purpose of Rule 68 is "to encourage settlements and to avoid protracted litigation." [Citation omitted.]
>
> ❖   *   ❖   *   ❖   *
>
> For a court to extend the ten-day period within which the Offer of Judgment must be accepted *would undermine the purpose of Rule 68.* * * *.
>
> If this Court were to extend the period in which the plaintiffs may accept the defendants' Offer of Judgment, the usefulness of Rule 68 would be substantially destroyed. Defending parties would be discouraged from utilizing the Rule 68 procedure to settle litigation. Indeed, utilizing Rule 68 would be a hazardous undertaking for any defending party. * *
>
> If the courts were inclined to extend the period within which the Rule 68 Offer of Judgment might be accepted, defendants such as those in the present case would be discouraged from utilizing the formal Rule 68 procedures.

*Staffend,* 47 F.R.D. at 219–20 (emphasis added). We find this analysis of the policy underlying Rule 68 persuasive.

Although Minnesota Rule of Civil Procedure 68.01 provides that an offer of judgment may be made anytime before the day of trial, the policies underlying the rule would be discouraged if we were to hold an

offer irrevocable for an indefinite period of time. Hence, we must specifically address the way that Rule 68.01 operates.

Hetland and Adamson urge adoption of contract principles to aid the operation and construction of Rule 68.01:

> Rule 68.01 does not contain any provision permitting the offer of judgment to be withdrawn. Application of normal contract law would permit the offering party to withdraw his offer prior to acceptance. Professor Wright in his comments to Rule 68(a) argues that the offer should not be subject to withdrawal and is irrevocable once made. *See* Barron & Holtzoff, *Federal Practice and Procedure,* (Wright Ed.), Section 1473. The key to this interpretation of the federal rule is the specific 10 day acceptance period. Since the Minnesota rule does not contain a similar time limitation, it would seem reasonable to apply the normal contract law and permit the offeror to withdraw his offer at any time before acceptance.

3 Hetland & Adamson, *Minnesota Practice: Rules of Civil Procedure Annotated* 174 (1970). The injection of contract principles may create more confusion than clarity, and would certainly spawn future litigation.

■ Because Rule 68 is grounded upon equitable principles, the better approach is to apply equitable principles. *See Delta Airlines, Inc. v. August,* 450 U.S. 346, 355–58, 101 S.Ct. 1146, 1151–1153, 67 L.Ed.2d 287 (1981); 12 C. Wright and A. Miller, *Federal Practice and Procedure* § 3001, 56 (1973). *Cf. Crutcher v. Joyce,* 146 F.2d 518, 520 (10th Cir.1945) ("a complainant who has received a bona fide offer of a proper settlement before bringing suit, but who brings suit more or less vexatiously, will not, in a court of conscience, where the matter is discretionary, be allowed either costs or counsel fee * * *" (citation omitted)). Whether an offer of judgment remains valid and acceptable is governed by a standard of reasonableness. This standard, of course, would not apply if the

offer of judgment had been expressly rejected or expressly withdrawn. A significant change in the parties' positions with respect to the merits of the controversy is the controlling factor. In addition, if substantial and material new facts are discovered that may affect the outcome of the controversy, then the previously made offer is considered to have been revoked. Our holding is a narrow one relating only to when an offer is deemed withdrawn under Rule 68.01.[4] We recognize that a standard of reasonableness may raise issues requiring further litigation but we anticipate fewer problems with a reasonableness standard than with a contract standard.

■ In the instant case the position of the parties involved changed significantly. Subsequent to the amended offer of judgment made by the City, serious problems arose with the work done by Kapperman. We hold that this new fact changed the character of the controversy enough to make it unreasonable to allow the City's offer of judgment to remain valid. This holding does not affect the apportionment of costs required by Rule 68.01.

Reversed and remanded.

---

**4.** We suggest to the Advisory Committee on Civil Procedure that consideration be given to amending Rule 68.01 to provide for an express expiration period for offers of judgment.