Alfred W. CHESNY, Individually, and as Administrator of the Estate of Steven Chesny, Deceased, Plaintiff-Appellant,

v.

J. MAREK, et al., Defendants-Appellees.

No. 82–2927.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 30, 1983.

Decided Nov. 3, 1983.

Rehearing and Rehearing En Banc Denied Jan. 20, 1984.

James D. Montgomery, James D. Montgomery & Assoc. Ltd., Chicago, Ill., for plaintiff-appellant.

Donald G. Peterson, Schaffenegger, Watson & Peterson, Ltd., Chicago, Ill., for defendants-appellees.

Before WOOD and POSNER, Circuit Judges, and GORDON, Senior District Judge.*

POSNER, Circuit Judge.

Rule 68 of the Federal Rules of Civil Procedure allows a defendant, up to 10 days before the trial begins, to "serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued." If the offer is rejected and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Little known and little used (see Note, *Rule 68: A "New" Tool for Litigation,* 1978 Duke L.J. 889, 890), Rule 68 has attracted attention recently as part of a broader interest in limiting the number of federal trials at a time of rising costs of litigation and unprecedented federal caseloads.

■ This case, a civil rights suit under 42 U.S.C. § 1983, involves the interplay between Rule 68 and statutes that allow a prevailing plaintiff to get his attorney's fees reimbursed by the defendant, specifically the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The Act provides that in a civil rights case the district "court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Though no explicit distinction is made between plaintiffs and defendants, the Supreme Court has interpreted the statute as creating a presumption in favor of awarding fees to a prevailing plaintiff, *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), but as not allowing a prevailing defendant to get his attorney's fees reimbursed unless the suit was frivolous, *Hughes v. Rowe,* 449 U.S. 5, 14–15, 101

---

* Hon. Myron L. Gordon of the Eastern District of    Wisconsin, sitting by designation.

S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980) (per curiam). This distinction is supported by the legislative history. See H.R.Rep. No. 1558, 94th Cong., 2d Sess. 6–7 (1976); S.Rep. No. 1011, 94th Cong., 2d Sess. 3–5 (1976), U.S.Code Cong. & Admin.News 1976, p. 5908.

The defendants in this case made a timely Rule 68 offer "for a sum, including costs now accrued and attorney's fees, of ONE HUNDRED THOUSAND ($100,000) DOLLARS." We must decide whether an offer that includes attorney's fees is valid under the rule, and if so whether the rejection of a valid Rule 68 offer more favorable than the judgment the plaintiff finally obtains prevents the plaintiff from getting an award of attorney's fees for any work done after the offer was made. Both are questions of first impression at the appellate level.

The district judge skipped over the first question because he misread the offer to be (in his words) "for $100,000 plus costs and attorneys' fees then accrued." 547 F.Supp. 542, 545 (N.D.Ill.1982). Since the jury's verdict (upon which judgment was entered) was for only $60,000, it was obvious to the judge that the plaintiff had received a judgment that was less favorable than a valid Rule 68 offer. The judge then answered the second question "yes," and so awarded the plaintiff just the $32,000 in attorney's fees and costs that the parties agreed the plaintiff had reasonably incurred up to the date of the Rule 68 offer. The judge refused, however, to award the defendants their attorney's fees, pointing out that section 1988 allows only the prevailing party's fees to be taxed as costs, and the defendants did not prevail; they did better than the plaintiff expected but it was the plaintiff who was the prevailing party, because the jury returned a verdict for the plaintiff and judgment was entered on the verdict. The plaintiff, hoping to get an award of fees for the time put in on the case after the Rule 68 settlement offer was made, has appealed.

■ The offer, even when it is read correctly, was more favorable to the plaintiff than the judgment he got. The parties agree that the offer was for $100,000 *including* costs and attorney's fees accrued as of the date of the offer, but the sum of the jury's verdict ($60,000) and the accrued costs and attorney's fees ($32,000) is still less than $100,000. We reject the argument that the relevant judgment amount is not just the amount of the jury verdict but that plus a reasonable attorney's fee for work done after the date of the settlement offer. Any such fee would, so far as appears, merely offset the costs to the plaintiff of the additional legal work required for the trial. A judgment for $80,000 is not more favorable than a judgment for $60,000 if the difference is merely compensation for the added legal expense of getting the bigger judgment.

■ Coming to the form of the offer, we note that Rule 68 does not say that the offer is to be just for an amount of damages; it is to be "for the money or property or to the effect specified," and it is hard to see why the "money ... specified" or the "effect specified" cannot be an unliquidated sum such as attorney's fees accrued as of the date of the offer. The rule does not, it is true, require the defendant to set a figure on costs; an offer of the money or property or to the specified effect is, by force of the rule itself, "with"—that is, plus "costs then accrued," whatever the amount of those costs is. But it does not follow that the defendant may not specify a figure inclusive of costs, if he wants, or of attorney's fees, which are not mentioned in the rule and which usually (almost always back in 1938, from when this part of the rule dates without substantive amendment) are not included in costs.

If the form of offer that the defendants used here was invalid, Rule 68 would be unusable in many and perhaps most cases where a statute authorizes an award of attorney's fees to a prevailing plaintiff. As Justice Rehnquist pointed out in his dissenting opinion in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 379 n. 5, 101 S.Ct. 1146, 1163 n. 5, 67 L.Ed.2d 287 (1981) (the case that decided that Rule 68 does not apply where the defendant rather than the plain-

tiff is the prevailing party), many a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff. To get his clients to authorize him to make a $100,000 settlement offer in this case the defendants' counsel represents to us that he had to be able to tell them that if the offer was accepted their liability would be at an end—that they would not be exposed to an additional liability of unknown amount for the plaintiff's attorney's fees. The potential liability was great; the plaintiff asked the district court to award him $173,000 in fees. Although some cases are settled with the understanding that the district court may award attorney's fees on top of the settlement, many cannot be settled on that basis, because of the open-ended nature of such a settlement. Cf. *Cruz v. Pacific Am. Ins. Corp.,* 337 F.2d 746, 750 (9th Cir.1964).

This point would not have occurred to the draftsmen of Rule 68. The award of attorney's fees to prevailing plaintiffs was uncommon in 1938, though not unknown—the copyright, securities, and antitrust statutes all allowed such awards. See Payne, *Costs in Common Law Actions,* 21 Va.L.Rev. 397, 405 n. 23 (1935). But today a large number of federal statutes allow such awards. There is no up-to-date count but published compilations for the middle 1970s range from 75 to 90. Fortunately Rule 68 is not so inflexibly drafted that it cannot be interpreted in a way that will preserve its utility in an age of attorney-fee statutes. As we have seen, it is not inflexibly drafted at all. If the draftsmen did not foresee the application of the rule in cases where the plaintiff might be entitled to an award of attorney's fees if he won, neither did they preclude it.

■ True, the type of offer that the defendants made adds slightly to the burdens of our overworked district judges. It requires the judge not only to fix a reasonable attorney's fee but to determine how much of that fee accrued before the date of the judgment offer, if such an offer was made and was more favorable than the

judgment the plaintiff received; this apportionment is necessary to determine whether the offer really was more favorable than the judgment. The burden on the district judge is masked in this case by the fact that the parties agreed on the amount of reasonable attorney's fees that had accrued; in some cases they will not agree. But since an attorney-fee award is based on number of billable hours, see, e.g., *Bonner v. Coughlin,* 657 F.2d 931, 934 (7th Cir.1981) (per curiam), and the lawyer must keep detailed records of when those hours were incurred, *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1327 (D.C.Cir.1982) (per curiam), at least where it is feasible for him to do so, cf. *Gautreaux v. Chicago Housing Authority,* 690 F.2d 601, 612 n. 28 (7th Cir.1982), it should not be difficult to apportion the award between pre-offer and post-offer work. It should not be more difficult, indeed, than the identical apportionment—of costs—that Rule 68 explicitly requires the judge to make (assuming the offer is silent on costs).

We respectfully disagree with the suggestion in Justice Powell's concurring opinion in the *Delta* case, see 450 U.S. at 364, 101 S.Ct. at 1156, that a lawyer faced with a Rule 68 offer that is inclusive of legal fees might have a serious conflict of interest in advising his client whether to accept it. There is a potential conflict of interest whenever a plaintiff and his lawyer have an ordinary contingent-fee contract and a settlement offer is made. Suppose a defendant offers $100,000, the contingent fee is 30 percent regardless of when the litigation ends, and the lawyer is sure he can get a judgment for $120,000 if the case is tried but knows that it will cost him, in time and other expenses, $8,000 to try it. His client will be better off if the case is tried, for after paying the lawyer's fee he will put $84,000 in his pocket rather than $70,000 if it is settled. But the lawyer will be worse off, since his additional fee, $6,000 ($36,000 − $30,000) will be less than the trial costs of $8,000 that he must incur. He has a conflict of interest.

Yet problems such as these have not been thought (in this country at least) so serious as to require prohibiting or even closely

regulating contingent-fee contracts. The market for legal services protects plaintiffs to some extent, as shown by the fact that contingent-fee contracts commonly entitle the lawyer to a higher percentage of the judgment if the case goes to trial; this is one way of dealing with the conflict of interest in our example. The form of offer in this case does not create a more serious conflict of interest. Indeed, in many cases where a statute allows the award of attorney's fees, the plaintiff and his lawyer will agree in advance to give the lawyer a specified percentage of the sum of the damages awarded by the jury and the attorney's fee awarded later by the judge. That of course is equivalent to a standard contingent-fee contract in a case where there is no attorney's fee statute. The plaintiff and his lawyers had a contingent-fee arrangement in this case, though its terms are not in the record and could be quite different from the above. See, e.g., *Lenard v. Argento,* 699 F.2d 874, 897 n. 21 (7th Cir.1983). But even if the arrangement here is that the lawyers are to receive a fixed share of any damages awarded and, on top of that, whatever attorney's fee the court awards, it would not create a serious conflict of interest. The plaintiff's lawyers would simply tell the plaintiff what he would net if he instructed them to accept the offer; if the plaintiff thought the lawyers were taking too much, he could ask the court to arbitrate the dispute, see *Prandini v. National Tea Co.,* 557 F.2d 1015, 1020–21 (3d Cir. 1977). It would thus be like any other case where the plaintiff and his lawyer do not completely specify the fee beforehand: when a settlement offer is made, the lawyer, in advising the client whether to accept it, has to indicate how much the client will net after the lawyer's fee is subtracted. In the absence of disagreement, the court in this case would not have had to make an award of fees if the plaintiff had accepted the Rule 68 offer; acceptance of an offer that expressly covered attorney's fees would have been a waiver of the plaintiff's right to any court-ordered award.

■ We conclude that the form of offer in this case is valid. The next question is whether the plaintiff's rejection of the offer bars him from receiving an award of attorney's fees for work performed on the case after the offer was made. It is undisputed that if the offer was valid and more favorable than the judgment, the plaintiff cannot recover any of the usual taxable costs—filing fees and the like (see 28 U.S.C. § 1920)—that accrued after the offer was made; but these we are told are no more than $1,000. The dispute is over whether "costs" in Rule 68 includes attorney's fees where a statute allows attorney's fees to be taxed as costs recoverable by the prevailing party.

The district court's conclusion that it does rests on the following rather mechanical linking up of Rule 68 and section 1988. Since this is a civil rights case, since Rule 68 refers to costs, and since section 1988 allows attorney's fees to be taxed as costs in civil rights cases, Rule 68 costs must include any section 1988 attorney's fees that might be awarded to the prevailing plaintiff. If, therefore, the plaintiff rejects a valid Rule 68 offer and later gets a less favorable judgment, he cannot make the defendant pay him any of his attorney's fees that accrued after the date of the offer.

This approach, though in a sense logical, puts Rule 68 into conflict with the policy behind section 1988. Section 1988 was intended to encourage the bringing of meritorious civil rights actions, such as the present action, which resulted in a judgment for the plaintiff of $60,000 for the death of his decedent at the hands of the three police officers who are the defendants. See *Hensley v. Eckerhart, supra,* 103 S.Ct. at 1937; H.R.Rep. No. 1558, *supra,* at 1, 3, 9; S.Rep. No. 1011, *supra,* at 2, 6. The effectiveness of section 1988 would be reduced if the rejection of a Rule 68 offer that turned out to be more favorable than the judgment the plaintiff eventually received prevented the plaintiff from getting any award of legal fees that accrued after the date of the offer. That would mean in this case that the plaintiff's lawyers would have either to collect an additional fee from the plaintiff, thus reducing his net recovery from the jury's $60,000 damage award, or to swallow the time they put in on the trial. Either way, the next time they are faced with a

similar offer they will have to think very hard before rejecting it even if they consider it inadequate, knowing that rejection could cost themselves or their client a lot if it turned out to be a mistake.

■ Placing civil rights plaintiffs and counsel in this predicament cuts against the grain of section 1988. " '[P]rivate attorneys general' should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose." S.Rep. No. 1011, *supra,* at 5, U.S.Code Cong. & Admin.News 1976, p. 5912. By the same token they should not be deterred from bringing good faith actions to vindicate fundamental rights by the prospect of sacrificing all claims to attorney's fees for legal work at the trial if they win, merely because on the eve of trial they turned down what turned out to be a more favorable settlement offer. See Note, *supra,* 1978 Duke L.J. at 901. Moreover, since 10 days before trial is merely the deadline for the offer, if it were made right after the complaint was filed it might deter the plaintiff's lawyers from conducting any pretrial discovery.

■ The Rules Enabling Act, now 28 U.S.C. § 2072, provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right . . . ." Although no rule has ever been invalidated under this provision, Wright, The Law of Federal Courts 406 (4th ed. 1983), rules have sometimes been interpreted or their domain of application narrowed to avoid abridging substantive rights. This is what happened to Rule 3 in *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 533, 69 S.Ct. 1233, 1234–1235 (1949); see Wright, *supra,* at 385–86, 412, and to Rule 68 itself in *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30,* 86 F.R.D. 500 (N.D.Cal.1980). Although the right to attorney's fees created by section 1988 is in one sense not "substantive" but "procedural," because it governs the relations between the parties to a lawsuit, in another sense it is more "substantive" than "procedural." It does not make the litigation process more accurate and efficient for both parties; even more clearly than the

statute of limitations involved in *Ragan,* it is designed instead to achieve a substantive objective—compliance with the civil rights laws. This makes it more like a right to receive punitive damages (universally regarded as a substantive right) than like a right to take depositions. But no doubt the right is better described as both substantive and procedural, or as substantive for some purposes and procedural for others. Cf. *Guaranty Trust Co. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945). For present purposes it is substantive. When Congress authorized the Supreme Court to make rules of procedure for civil cases it did not authorize the Court to alter substantive policies (that is the force of the "shall not abridge" clause), such as those that underlie the right to attorney's fees created by section 1988, call that right what you will. But that is what the Court would (unwittingly) have been doing when it promulgated Rule 68 if the district court's interpretation of the rule were upheld. And the Rules Enabling Act to one side, section 1988 of its own force prevents us from reading "costs" in Rule 68 to include attorney's fees. The legislators who enacted section 1988 would not have wanted its effectiveness blunted because of a little known rule of court promulgated almost 40 years earlier.

We are aware that the Advisory Committee on the Federal Rules of Civil Procedure proposed recently that Rule 68 be revised to require the offeree to pay the offeror's reasonable attorney's fees in all cases where the offer turns out to be more favorable than the judgment. See *Preliminary Draft of Proposed Amendments,* 98 F.R.D. 337, 353, 361–64 (1983). But the Committee did not discuss and may not have considered the possible impact of the proposed amendment on attorney's fees statutes such as 42 U.S.C. § 1988 that are intended to encourage particular kinds of litigation. In any event, the proposed amendment has not yet been approved, and the fact that it has even been proposed shows that the draftsmen could not have been confident that the district court ruled correctly in this case.

The Advisory Committee thought that unless the offeree is penalized by being

made to pay the offeror's attorney's fees, Rule 68 will never become an effective tool for inducing settlements. See 98 F.R.D. at 353, 363, 365; cf. Note, *supra,* 1978 Duke L.J. at 890. The fact that Rule 68 seems to be so little used provides some support for the Committee's view, but against this it can be noted that, even narrowly construed, the rule's provision on costs creates an incentive for the defendant to make a reasonable offer and that once such an offer is on the table the plaintiff has a big incentive to accept it and thereby avoid the expenses and uncertainty of a trial. Cf. Dobie, *The Federal Rules of Civil Procedure,* 25 Va.L. Rev. 261, 304 n. 195 (1939).

*Fulps v. City of Springfield,* 715 F.2d 1088, 1091–95 (6th Cir.1983), states, in apparent contradiction to our view, that the word "costs" in Rule 68 includes attorney's fees when there is an applicable statute such as section 1988 that allows attorney's fees to be taxed as costs to the winning party. But the issue in *Fulps* was different from the issue here. It was whether a settlement offer for $5,000 that unlike the offer in this case was silent on attorney's fees should be interpreted to include them, and we have no quarrel with the court's conclusion that it should not be. The court was not dealing with the question whether Rule 68 can be used to abrogate the right to attorney's fees that a plaintiff would otherwise have by virtue of section 1988. Incidentally, in *Pigeaud v. McLaren,* 699 F.2d 401, 403 (7th Cir.1983), we recently read "costs" in Rule 68, contrary to *Fulps,* as excluding attorney's fees (as we do today, while recognizing that the issue in *Pigeaud,* as in *Fulps,* was different from the issue in this case). More nearly in point is *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 761–62, 100 S.Ct. 2455, 2461–2462, 65 L.Ed.2d 488 (1980), where the Supreme Court held that "costs" in 28 U.S.C. § 1927 (which, as it then read, empowered the district court to assess additional costs against an attorney who "so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously") did not include attorney's fees in a civil rights case, even though section 1988 allows attorney's fees to be taxed as costs in such a case. No more should

"costs" in Rule 68 be read to include attorney's fees in such a case.

We thus affirm the fee award insofar as it gave the plaintiff $32,000 for his fees and costs incurred up to the date of the award, but we reverse insofar as the district court denied the plaintiff any award of fees for services beyond that date and we remand the case to the district court to determine a reasonable attorney's fee for those services. Circuit Rule 18 shall not apply.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.