**STATE OF WASHINGTON, et al.**

v.

**The UNITED STATES.**

**No. 9–85C.**

United States Claims Court.

Sept. 16, 1985.

Richard M. Montecucco, Lacey, Wash., for plaintiff. Kenneth O. Eikenberry, Olympia, Wash., of counsel.

David M. Schlitz, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C. for defendant.

MEMORANDUM OPINION

LYDON, Judge:

This litigation involves claims by the State of Washington and three public educational institutions (community colleges) established by the legislature of the State of Washington, who contracted with the Veterans Administration to provide educational services to preveterans or servicemen under the Predischarge Education Program (PREP), 38 U.S.C. §§ 1695, *et seq.* (1976). Plaintiffs contend, in their complaint, that they are entitled to receive additional compensation from the Veterans Administration under these contracts. Defendant, in its responsive pleading, has denied that plaintiffs are entitled to receive additional compensation and has counterclaimed to recover from each plaintiff excess funds, plus interest, it claims were previously improperly paid said plaintiffs under the contracts in issue. In their reply to defendant's counterclaim, plaintiffs dispute the validity of the same and request the court to dismiss said counterclaim.

On August 19, 1985, defendant moved for a 30-day enlargement of time to respond to a Rule 68 Offer of Judgment served by plaintiffs on defendant. Defendant advised that it was impossible to respond to said offer within the 10-day period allowed in Rule 68 given the bureaucratic

procedure required to process offers in settlement. Plaintiffs oppose defendant's enlargement request on the ground, principally, that enlargement of the 10-day period set forth in Rule 68 was not contemplated and is not authorized. Neither party cited any case law in support of its position.

There was no Rule 68 in the Rules of the United States Court of Claims, our predecessor court. The Claims Court, however, does have a Rule 68, fashioned verbatim on Rule 68 of the Federal Rules of Civil Procedure (FRCP). The court is not aware of any Claims Court precedents relative to RUSCC 68. Accordingly, it is reasonable and sensible, under such circumstances, to look to case law precedents under FRCP 68 for guidance and assistance in our initial confrontational encounter with RUSCC 68. See RUSCC 1(b).

RUSCC 68 provides in pertinent part:

At any time more than 10 days before trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof, and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in proceedings to determine costs * * *.

Case law under FRCP 68 makes it clear that the Rule has no application to an offer of judgment made by a plaintiff. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 350, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *See Klawes v. Firestone Tire & Rubber Co.,* 572 F.Supp. 116, 118 (D.C.E.D. Wis.1983). It is assumed herein that plaintiffs are seeking settlement of their claims.[1] Defendant is defending against said claims and thus is the "party defending against a claim [who] may serve upon the adverse party [here plaintiffs] an offer to allow judgment to be taken against him * * *." RUSCC 68 allows defendant to make an offer of judgment. The rule says nothing about a plaintiff's right to make such an offer. *See Delta Air Lines, Inc. v. August, supra,* 450 U.S. at 350, 101 S.Ct. at 1149. The court, on the limited facts available to it, concludes that RUSCC 68 has no application to plaintiffs' offer of judgment.

Assuming, *arguendo,* RUSCC 68 is available for application here, the 10-day limitation period set forth in said rule for action to be taken on an offer of judgment should not be enlarged upon by motion of a party. Any offer of judgment under FRCP 68 must be accepted within 10 days. *See Staffend v. Lake Central Air Lines, Inc.,* 19 Ohio Misc. 25, 47 F.R.D. 218, 219–20 (1969).[2] As was pointed out in the *Staffend* case, any extension of the period in which a plaintiff may accept a defendant's offer would destroy the usefulness of Rule 68. The *Staffend* court set forth cogent reasons why the 10-day limitation period should not be subject to enlargement mo-

---

**1.** It is noted that defendant has counterclaimed against plaintiffs. Thus, plaintiffs, should only the counterclaim be the subject of the offer of judgment, may be viewed as an adverse party-defendant within the purview of RUSCC 68 and thus permitted to serve an offer of settlement on the counterclaiming defendant, treated as a plaintiff for counterclaim purposes. The court is not privy, and properly so, to the nature and details of the offer of judgment. Accordingly, under the circumstances, the court will assume plaintiffs are acting as such in the service of their offer of judgment on defendant.

**2.** The bureaucratic procedure for settlement to be found in dealing with the Federal Government probably cannot be accommodated to this 10-day period in all cases. However, judgments have been entered in this court as a result of offers of judgment, thereby proving that it is being done in some cases. To the extent that changes are deemed necessary in this regard, such changes should be accomplished by amendment to Rule 68 following study of the problem, if there is one, and consultation with appropriate segments of the bar of the court, and not by judicial decision on an *ad hoc* basis.

tions.[3] *See* 47 F.R.D. at 219–20. The court is persuaded that the 10-day limitation period in RUSCC 68 should likewise not be subject to enlargement beyond the 10-day period provided therein.[4]

In light of the above discussion, it is concluded that RUSCC 68 has no application under the rather unique circumstances presented to the court in this case. Accordingly, defendant's motion for an enlargement of time is deemed moot. The court, however, expresses the hope that the offer submitted by plaintiff be kept alive and considered to be an offer in compromise and processed accordingly with all deliberate speed. Defendant in its enlargement motion, discussed above, felt it could respond to said offer within 31 days. The offer in judgment discussed above can easily be viewed as an offer in compromise. *See Maguire v. Federal Crop Ins. Corp.,* 181 F.2d 320, 322 (5th Cir.1950).

**3.** Plaintiffs advise they made the offer of judgment in contemplation of the 10-day limitation and the expectation that the offer would expire by the terms of RUSCC 68 if not accepted within that time frame. Further, plaintiffs are outraged that defendant, by means of its enlargement request, has conveyed to the court the fact the plaintiff has made such an offer. Plaintiff correctly notes that the purpose and intendment of RUSCC 68 is to encourage settlement and avoid protracted litigation J. Moore, W. Taggart and J. Wicker, *Moore's Federal Practice* ¶ 68.02 (2d ed. 1981). It also has the additional purpose, in the event the offer of judgment is not accepted, of fixing responsibility for costs thereafter. Permitting enlargement of the 10-day period might serve to discourage utilization of the RUSCC 68 procedures altogether or negate the sanction provided therein. *See Staffend v. Lake Central Air Lines, Inc., supra,* 47 F.R.D. at 219–20. Thus there is a reasonable and rational reason why court involvement in any way in the RUSCC 68 procedure should be avoided.

**4.** In reaching this conclusion, the court has given consideration to RUSCC 6(b) and the ostensible discretion vested in the court regarding enlargements of time and the specific enlargement limitations placed on the court relative to time extensions under RUSCCs 52(b), 59(b), (d) and (e), and 60(b). It is noted that RUSCC 68 is not cited as a rule subject to enlargement limitations. Plaintiffs argue, rather persuasively, that it was never intended or contemplated that the court be involved in RUSCC 68 matters and thus that rule was not cited in RUSCC 6(b) since it had nothing to do with proceedings before the court. Given the purpose and intendment of RUSCC 68 and how time enlargements under the Rule would undermine its purpose and intendment, as noted in *Staffend v. Lake Central Air Lines, Inc., supra,* 47 F.R.D. at 219–20, the court concludes that refusal to allow enlargements under RUSCC would serve "to secure the just, speedy, and inexpensive determination of every action" as called for in RUSCC 1(a)(2).