**Donna CROSSMAN, et al.**

v.

**Michael MARCOCCIO, et al.**

**Civ. A. No. 84–0296.**

United States District Court,
D. Rhode Island.

Dec. 20, 1985.

As Amended Dec. 23, 1985.

Milton Stanzler, Providence, R.I., for plaintiffs.

Joseph F. Penza, Jr., Providence, R.I., for defendants.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 alleging that five Providence police officers had deprived them their constitutional rights. The action was tried in this Court and a jury returned a verdict for Plaintiffs against all Defendants. Plaintiffs have asked the Court to assess costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Invoking Federal Rule of Civil Procedure 68, Defendants seek to assess Plaintiffs their costs and attorney's fees incurred after their Offer of Judgment. For the reasons detailed below, the Court (1) grants Plaintiffs their pre-Offer-of-Judgment costs, (2) grants Defendants their post-Offer-of-Judgment costs and (3) grants Defendants' post-Offer-of-Judgment attorney's fees.

Darryl Crossman, his wife Donna, and their two children, Krista and Ian, filed this action against police officers Michael Marcoccio, Robert McDonald, Timothy O'Brien, Leonard Wahl and Dennis Lambert on August 7, 1984. Plaintiffs alleged that Defendants had entered their home without probable cause on October 16, 1982, had assaulted Donna and Darryl Crossman, falsely arrested and imprisoned them, and had maliciously prosecuted them, all in violation of their constitutional rights. Defendants answered the complaint on August 29, 1984, denying Plaintiffs allegations and counterclaiming for damages due to an alleged assault by Donna and Darryl Crossman on Defendants.

Twenty-two days after the action was begun, on August 29, 1984, Defendants

submitted an Offer of Judgment. Defendants offered to have judgment enter against them in the amount of $26,000, including costs, interest and attorney's fees accrued as of that date. Plaintiffs rejected the offer. The action proceeded to trial. A jury returned a verdict of $5,010 for Plaintiffs. The jury awarded each of the two adult Plaintiffs $500 against each of the five Defendants and each of the two minor Plaintiffs one dollar against each of the five Defendants. The jury found that Plaintiffs Donna and Darryl Crossman did not assault Defendants.

On October 11, 1985, Defendants submitted a Bill of Costs totalling $11,783. This total included a requested award of $10,902.50 for post-Offer-of-Judgment attorney's fees. Plaintiffs filed a memorandum opposing Defendants' Bill of Costs. On October 30, 1985, Plaintiffs filed their Bill of Costs, requesting an assessment of $732.40 against Defendants, to which Defendants have objected.

## I. PLAINTIFFS' COSTS

The first issue presented the Court is whether Plaintiffs may recover some or all of their costs from Defendants. As a general rule, a prevailing party to a lawsuit is entitled to have its opponent pay its costs unless a court directs otherwise. Fed.R. Civ.P. 54(d). Costs properly taxable to a losing party include clerk, court reporter, and witness fees, docket costs and copying costs. 28 U.S.C. § 1920. Federal Rule of Civil Procedure 68, however, provides in part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his

offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn ... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

It is well settled that under Rule 68, a prevailing plaintiff may not recover his post-Offer-of-Judgment costs from a defendant if the final judgment plaintiff receives is less than defendant's Offer of Judgment. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, · 352 & n. 9, 101 S.Ct. 1146, 1150 & n. 9, 67 L.Ed.2d 287 (1981); *Chesny v. Marek*, 720 F.2d 474, 478 (7th Cir.1983), *rev'd on other grounds*, —— U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

▪ Applying these · principles, Plaintiffs in this action may recover from Defendants their pre-Offer-of-Judgment costs.[1] These include their filing and service of process fees of $60 and $49 respectively, and court reporter fees totalling $394.40 incurred on April 11, 1983 and June 5, 1983.[2] Because Plaintiffs' verdict of $5,010 was less than Defendants' $26,000 Offer of Judgment, Plaintiffs may not recover their post-offer costs. Plaintiffs may not recover witness fees totalling $229 incurred on September 20, 1985 and September 24, 1985.

## II. DEFENDANTS' COSTS

▪ The next issue presented is whether Defendants are entitled an award of costs. Defendants assert that by operation of Rule 68, they are entitled to have Plaintiffs pay the costs Defendants incurred after

---

1. No issue is presented the Court regarding the validity of Defendants' Offer of Judgment. An Offer of Judgment is generally proper if it does not exclude costs and attorney's fees. *Marek v. Chesny*, —— U.S. —— —— ——, 105 S.Ct. 3012, 3015–16, 87 L.Ed.2d 1, 7–8 (1985). Defendants' offer expressly included costs and attorney's fees.

2. These transcripts were of hearings before a hearing officer appointed to hear Plaintiffs' complaint to the Police Department of the City of Providence. The transcripts were referred to extensively in the course of this trial.

their Offer of Judgment. Plaintiffs maintain that Rule 68 operates only to deny Plaintiffs recovery of their post offer costs.

Where a plaintiff refuses an Offer of Judgment and subsequently recovers less than the amount offered, not only is plaintiff denied recovery of his post-offer costs, but plaintiff must pay the costs incurred by the defendant after defendant's Offer of Judgment. *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 442 (9th Cir.1982); *Waters v. Heublein, Inc.*, 485 F.Supp. 110, 113, 117 (N.D.Cal.1979); *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.*, 63 F.R.D. 607, 610–11 (E.D.N.Y.1974). In *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., supra,* the court explained the rationale of shifting a defendant's costs to a plaintiff under Rule 68. In that case, defendants moved to compel plaintiff to pay the costs incurred by them in defending plaintiff's patent infringement suit. Defendant had made an Offer of Judgment, plaintiff had refused it, and plaintiff was then unsuccessful at trial. The court assessed defendant's costs against the plaintiff. *Mr. Hanger, Inc., supra,* at 611. It reasoned that the purpose of Rule 68 is to induce settlement. *Mr. Hanger, Inc., supra,* at 610; *accord Marek v. Chesny,* —— U.S. ——, ——, 105 S.Ct. 3012, 3014–15, 87 L.Ed.2d 1, 6–7 (1985). Shifting all costs to an offeree who refuses to settle " 'puts teeth in the rule and makes it effective by encouraging acceptance.' " *Mr. Hanger, Inc., supra,* at 610 (quoting *Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218, 219–20 (N.D.Ohio 1969)).

Plaintiffs asserts that the Supreme Court has suggested a contrary interpretation of Rule 68. Justice Stevens in *Delta Air Lines, Inc. v. August, supra,* did imply that Rule 68 operates to deny costs to a prevailing plaintiff and not to impose defendant's costs upon plaintiff. *Delta Air Lines, Inc., supra,* 450 U.S. at 359 n. 24, 101 S.Ct. at 1153 n. 24 (1981) (interpreting 12 C. Wright & A. Miller, Federal Practice

and Procedure § 3001, p. 56 (1973)). Justice Stevens was addressing the particular situation in which defendant and not plaintiff succeeded at trial and indeed, the holding in *Delta Air Lines, Inc.* was that a successful defendant could not avail itself of Rule 68. *See Delta Air Lines, Inc., supra,* 450 U.S. at 352, 360 n. 27, 101 S.Ct. at 1150, 1154 n. 27; *Delta Air Lines, Inc., supra,* at 362, 101 S.Ct. at 1155 (Powell, J., concurring).[3] Other Justices have read Rule 68 to impose defendant's costs upon a plaintiff. *See Marek v. Chesny,* —— U.S. ——, —— n. 14, 105 S.Ct. 3012, 3025 n. 14, 87 L.E.2d 1, 17 n. 14 (1985) (Brennan, J., dissenting); *see also Delta Air Lines, Inc., supra,* 450 U.S. at 374 n. 3, 101 S.Ct. at 1161 n. 3 (Rehnquist, J., dissenting) (taking issue with Justice Stevens' interpretation of Wright & Miller treatise). In addition, the state statutes after which Rule 68 was modeled expressly provided that a party who refused an Offer of Judgment must pay the post-offer costs of the offeror. *See id. Delta Air Lines, Inc., supra,* 450 U.S. at 372–73 & n. 2, 101 S.Ct. at 1160–61 & n. 2 (Rehnquist, J., dissenting).

Because the overwhelming weight of authority supports the imposition of a defendant's costs on a plaintiff who rejects an Offer of Judgment and then recovers a less favorable judgment at trial, the Court imposes Defendants' post-offer costs upon Plaintiffs. Plaintiffs are assessed Defendants' copying costs of $37.12, witness fees of $775.18, costs incident to taking depositions of $43.20 and subpoena costs of $25.

### III. DEFENDANTS' ATTORNEYS FEES

The final issue the Court must decide is whether Rule 68 "costs" include Defendants' post-offer attorney's fees. Defendants assert that if they can recover their post-Offer-of-Judgment costs under Rule 68, they may also recover their post-offer attorney's fees in light of the recent Su-

---

**3.** Despite Justice Stevens' broad language, Justice Powell in the same opinion suggested that the court's holding meant unsuccessful defendants could recover costs but successful defend-

ants could not. *Delta Air Lines, Inc., supra,* 450 U.S. at 362, 101 S.Ct. at 1155 (Powell, J., concurring).

preme Court holding in *Marek v. Chesny, supra,* that Rule 68 costs include attorney's fees. Indeed, a strict application of *Marek* requires this result.

In *Marek,* plaintiff had rejected defendants' Offer of Judgment and had recovered a less favorable judgment at trial. The issue presented the Supreme Court was whether Rule 68 barred plaintiff's recovery of its post-offer attorney fees under 42 U.S.C. § 1988. The Supreme Court held that the term "costs" as used in Rule 68 encompassed attorney's fees, and the Court therefore denied plaintiff recovery of fees. *Marek, supra,* — U.S. at ——, 105 S.Ct. at 3018, 87 L.Ed.2d at 11. The *Marek* Court reasoned that the most reasonable inference to be drawn from Congress' failure to define "costs" in Rule 68 was that "Rule 68 was intented to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek, supra,* at ——, 105 S.Ct. at 3017, 87 L.Ed.2d at 9. Because § 1988 allows the recovery of attorney's fees as costs, the Court reasoned that Rule 68 must include attorney's fees in the context of § 1988. *See Marek, supra,* at —— – ——, 105 S.Ct. at 3016–17, 87 L.Ed.2d at 8–9.

The *Marek* holding contains no limiting language. Quite simply, the Supreme Court has stated that "where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Marek, supra,* at ——, 105 S.Ct. at 3017, 87 L.Ed.2d at 9. Because Rule 68 requires a prevailing plaintiff to pay defendant's post-Offer-of-Judgment costs where plaintiffs judgment does not exceed defendant's Offer of Judgment, *supra* Part II, a prevailing plaintiff under these circumstances must pay defendant's post-offer attorney's fees.

Plaintiffs argue that the Rule 68 interpretation Defendants seek would truly be inconsistent with § 1988. Under § 1988, a prevailing defendant may recover attorney fees only if a plaintiff's claim was frivolous, unreasonable or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 14–15, 101

S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). Plaintiffs argue that under the application of Rule 68 sought by Defendants, Defendants would recover fees from plaintiffs who won a verdict, and therefore do not assert a frivolous claim. In his dissent in *Marek,* Justice Brennan expressed the same concerns. *See Marek, supra,* —— U.S. at ——, ——, 105 S.Ct. at 3023–24, 87 L.Ed.2d at 17–18 (Brennan, J., dissenting); *see also Delta Air Lines, Inc., supra,* 450 U.S. at 366 n. 5, 101 S.Ct. at 1157 n. 5 (Powell, J., concurring). Justice Brennan raised these concerns, however, only after making it clear that the logical extension of the Court's denying plaintiffs' fees under Rule 68 is to require plaintiffs to pay defendants' fees under the rule. *Marek, supra,* —— U.S. at ——, 105 S.Ct. at 3023, 87 L.Ed.2d at 17 (Brennan, J., dissenting). Moreover, the *Marek* majority addressed the argument that the Rule 68 interpretation it adopted was inconsistent with 42 U.S.C. § 1988 and rejected it. *See Marek, supra,* at —— – ——, 105 S.Ct. at 3017–18, 87 L.Ed.2d at 10–11.

This result may be viewed as having a "chilling" effect on actions brought under 42 U.S.C. § 1983. *See Chesny v. Marek,* 720 F.2d 474, 478–480 (7th Cir.1984). The majority of the Supreme Court in reversing the Seventh Circuit Court of Appeals in *Marek, supra,* did not give weight to this argument. The Supreme Court stated at —— U.S. ——, ——, 105 S.Ct. 3012, 3017–18, 87 L.Ed.2d 1, 10:

> Merely subjecting civil rights plaintiffs to the settlement provisions of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit, ... there is no evidence, however, that Congress, in considering § 1988, had any thought that civil rights claims were to be on any different footing from other civil claims insofar as settlement is concerned.

The circumstances are that Defendants made a substantial Offer of Judgment in the amount of $26,000, which Plaintiffs deliberately spurned. Rule 68 is intended to encourage good faith efforts to resolve dis-

putes before trial. If all that is at risk from plaintiffs' point of view is an assessment of costs, exclusive of counsel fees, plaintiffs can afford a less than serious consideration of the Offer of Judgment and defendants have little, or next to nothing to gain, from making such offers. The effect of awarding counsel fees to defendants will encourage defendants to make serious offers and encourage plaintiffs to give serious consideration to such offers. Although the Court has the benefit of having heard all the evidence and the jury verdict, on the basis of the information available to Plaintiffs at the time of the Offer of Judgment, the rejection of the offer must be said to have been more the action of a "river boat gambler" than an objective evaluation of the possibilities. If anything, the offer was generous, and its rejection whimsical. There is no purpose to protect plaintiffs in actions brought under 42 U.S.C. § 1983 from the effects of tactical choices or to deny to defendants the benefits of earnest efforts to resolve such controversies.

For these reasons, the Court rules that *Marek v. Chesny* governs this action and holds that Defendants may recover attorney's fees from Plaintiffs under Rule 68. While the only other courts to consider whether a defendant may recover its attorney's fees from a plaintiff under Rule 68 have held differently, *see Bitsouni v. Sheraton Hartford Corp.*, 52 U.S.L.W. 2354 (D.Conn. Nov. 23, 1983); *Waters v. Heublein, Inc., supra*, at 117, those other courts addressed this issue before the Supreme Court decided *Marek*.

## IV. CONCLUSION

In sum, under Rule 54(d) and 28 U.S.C. § 1920 the Court awards Plaintiffs its costs incurred before Defendants' Offer of Judgment, but not those incurred after. Plaintiffs are entitled to $503.40 in costs. The Court awards Defendants its post-Offer-of-Judgment costs totalling $880.50 pursuant to Rule 68. The Court also awards Defendants their post-Offer-of-Judgment attorney fees totalling $10,902.50 as part of Rule 68 costs.

SO ORDERED.