Michael GROSVENOR
Plaintiff-Appellee,

v.

Stephen BRIENEN, individually and as
Sheriff of the County of McLean, John
Foster, and Gordon Simpson, Defend-
ants-Appellants.

No. 85–2515.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1986.

Decided Sept. 17, 1986.

Daniel R. Simmons, Heyl Royster Voelk-
er & Allen, Springfield, Ill., for defendants-
appellants.

H. Kent Heller, Naperville, Ill., for plain-
tiff-appellee.

Before FLAUM, RIPPLE, Circuit
Judges, and ESCHBACH, Senior Circuit
Judge.

ESCHBACH, Senior Circuit Judge.

The primary questions presented in this
appeal from an award of attorney's fees
under 42 U.S.C. § 1988 are (1) whether
under Fed.R.Civ.P. 68 the district court
must add pre-offer attorney's fees to the
award of damages to determine whether
the plaintiff obtained a result more favor-
able than the offer of judgment he rejected
and (2) whether an oral offer of settlement
made in a pre-trial conference is a valid
offer of judgment for the purposes of Rule
68. For the reasons stated below, we will
affirm the judgment of the district court.

## I

The plaintiff brought suit against the defendant law enforcement officers pursuant to 42 U.S.C. § 1983, alleging that the defendants had unlawfully entered and searched his home, and unlawfully placed him under arrest. The plaintiff also alleged that the defendants forced him to walk without shoes or a coat from his residence to a patrol car in inclement weather. The defendants made an offer of judgment pursuant to Fed.R.Civ.P. 68 in the amount of $5,000.00 that included costs and attorney's fees accrued up to the date of the offer. The plaintiff rejected the offer. Subsequently, at the final settlement conference, the defendants made an oral offer of $7,500.00, which also included costs and attorney's fees. The plaintiff rejected this offer as well. The action proceeded to trial and the jury awarded the plaintiff $1.00 in actual damages and $7,000.00 in punitive damages.

The plaintiff petitioned the district court for $16,687.98 in attorney's fees and $5,490.63 in costs pursuant to 42 U.S.C. § 1988. In its initial order, the district court, citing *Marek v. Chesny*, ─ U.S. ─, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), concluded that, because the damage award obtained by the plaintiff was less favorable than the oral settlement offer, Rule 68 barred the plaintiff from recovering costs and fees incurred after the offer was rejected. The court awarded $7,862.09, the amount of pre-offer costs and fees it found reasonable. The plaintiff filed a motion to reconsider, challenging the district court's

failure to award post-offer costs and fees on two grounds. First, the plaintiff argued that the district court, under Rule 68, should have added $7,862.09 in pre-offer costs and attorney's fees to the $7,001.00 damage award in arriving at the relevant figure to compare with the final settlement offer of $7,500.00 to determine whether the plaintiff had obtained a result more favorable than the offer he rejected. Second, the plaintiff claimed that the oral offer made at the final settlement conference did not satisfy the formal requirements of Rule 68. Without explaining the basis for its decision, the district court granted the plaintiff's motion to reconsider and awarded him $14,086.22 in fees and costs.[1] This appeal followed.

## II

Unless the district court otherwise directs, a prevailing party is allowed costs as a matter of course. Fed.R.Civ.P. 54(d).[2] Rule 68 modifies the cost-shifting provision of Rule 54(d) by requiring a prevailing plaintiff, who rejects a formal offer of judgment more favorable than the judgment he finally obtains, to "pay the costs incurred after the making of the offer."[3] *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351–56, 101 S.Ct. 1146, 1149–52, 67 L.Ed.2d 287 (1981). The intent of Rule 68 is, of course, to encourage settlement by removing the incentive for the plaintiff to pursue a claim whose probable final outcome is not more than the defendant's offer. *Marek v. Chesny*, ─ U.S. ─, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985); *Delta*

---

**1.** The plaintiff had initially petitioned for $16,-687.98 in costs and fees. In arriving at the $14,086.22 award the district court disallowed a portion of the amount requested for a number of reasons. The plaintiff does not challenge the disallowances on appeal.

**2.** Fed.R.Civ.P. 54(d) provides in full:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's

notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

**3.** Fed.R.Civ.P. 68 provides in pertinent part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. [If the offer is rejected and] ... [i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

*Air Lines, Inc.*, 450 U.S. at 352, 101 S.Ct. at 1150; Advisory Committee Notes on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 438 n. 1 (1946). With the Supreme Court's recent holding in *Marek*, 105 S.Ct. at 3017, that the term "costs" in Rule 68 includes attorney's fees awardable under 42 U.S.C. § 1988, Rule 68 has taken on a greater significance in civil rights litigation. Rule 68 precludes a prevailing plaintiff from recovering post-offer costs and attorney's fees, if the plaintiff rejects an offer of judgment that is more favorable than the relief he ultimately obtains.[4] *Id.*, 105 S.Ct. at 3017–18; *see Kirchoff v. Flynn*, 786 F.2d 320, 322 (7th Cir.1986).

### A. Pre-offer Fees

We shall first consider the question whether pre-offer attorney's fees must be included in the Rule 68 computation. To decide this issue, one must consider the effect Rule 68 would have on the substantive policies of § 1988, if pre-offer fees were not included in the comparative calculus. In enacting § 1988, Congress recognized that there is a value to society in vindicating civil rights, statutory and constitutional, that is very often greater than the monetary value of the claim to the individual. *City of Riverside v. Rivera,*

—— U.S. ——, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986) (plurality opinion); *see also Hensley v. Eckerhart*, 461 U.S. 424, 444 n. 4, 103 S.Ct. 1933, 1945, 76 L.Ed.2d 40 (1983) (Brennan, J., concurring in part and dissenting in part); *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978). Society as a whole profits from the vindication of civil rights even if a claim, no matter how meritorious, is a losing proposition economically for the aggrieved individual. A plaintiff who obtains relief in a civil rights suit "does so not for himself alone but also as a 'private attorney general,' vindicating 'a policy that Congress considered of the highest priority.'" H.R. Rep. 1558, 94th Cong., 2d Sess. p. 2 (1976) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam)). "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers." 122 Cong.Rec. 33,313 (1976) (remarks of Sen. Tunney). The private plaintiff who brings a civil rights action is "the chosen instrument of Congress to vindicate 'a policy that Con-

---

**4.** The defendants in the instant case do not argue that the effect of Rule 68 is to impose upon plaintiff the defendant's fees. We note, however, that at least one district court has held that Rule 68 does impose the defendant's post-offer attorney's fees on the plaintiff. *See Crossman v. Marcoccio*, 108 F.R.D. 433 (D.R.I.1985). That case is presently before the Third Circuit on appeal. *See Crossman v. Maccoccio*, 792 F.2d 1 (1st Cir.1986) (court decided only jurisdictional questions and allowed appeal on the issue whether Rule 68 imposes defendant's post-offer fees on plaintiff).

We note, without deciding the issue, that by an extension of the Supreme Court's analysis in *Marek* (that is, one must look to the underlying fees statute in interpreting Rule 68), it is doubtful that a prevailing plaintiff should have the defendant's post-offer attorney's fees imposed upon him. Section 1988 allows only a "prevailing party" to recover fees. Indeed, as interpreted by the Court, § 1988 allows a defendant to recover attorney's fees from a plaintiff only if the plaintiff's claim is "frivolous" or "vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S.

412, 416–17, 98 S.Ct. 694, 697–98, 54 L.Ed.2d 648 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980); H.R. Rep. No. 94–1558, pp. 6–7 (1976). It flies in the face of this interpretation to suggest that a *prevailing* plaintiff's claim is "frivolous" or "vexatious." Furthermore, it is unavailing to argue that the defendant is the "prevailing party" on the issue of the post-offer fees merely because the plaintiff rejected an offer of judgment more favorable than the result he finally obtained. The question whether an offer of judgment in a particular case is more favorable than the result finally obtained is not a substantive issue that touches on the merits of the plaintiff's civil rights claim or the relief requested, and is, hence, an improper basis for determining whether a party has prevailed for the purposes of the fee-shifting provisions of § 1988. *See Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 131–35 (3rd Cir.1986); *Garrity v. Sununu*, 752 F.2d 727 (1st Cir.1984) (suggestion that a defendant may not recover attorney's fees from plaintiff under Rule 68); *Bitsouni v. Sheraton Hartford Corp.*, 37 Fed.R.Serv. 1248 (1983).

gress considered of the highest priority.' "[5] *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 418, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (quoting *Newman,* 390 U.S. at 402, 88 S.Ct. at 966).

Thus, it is because Congress found that the private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process that it enacted § 1988. H.R.Rep. 1558 at 1–3; S.Rep. 1011, 94th Cong., 2d Sess. p. 2 (1976), U.S.Code Cong. & Admin. News 1976, pp. 5908, 5910; *Gekas v. Attorney Registration & Disciplinary Commission,* 793 F.2d 846, 853 (7th Cir.1986). The Supreme Court has "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers," *Rivera,* 106 S.Ct. at 2694, because such a rule "would seriously undermine Congress' purpose in enacting § 1988."[6] *Id.* at 2695. A rule excluding pre-offer costs from the Rule 68 calculus like a rule that limits attorney's fees to a proportion of the damage award, compels a civil rights litigant to rely on private-sector fee arrangements for the economic wherewithal to press his claim. Yet, this compulsion is antithetical to the Congressional policy underlying § 1988.[7]

In *Marek,* 105 S.Ct. at 3018, the Supreme Court held that civil rights claimants may not be treated more favorably in the nego-

tiation of settlements than plaintiffs in ordinary civil litigation. *See also Evans v. Jeff D.,* —— U.S. ——, 106 S.Ct. 1531, 1540, 89 L.Ed.2d 747 (1986). This parity of treatment is as it should be, for the settlement of litigation, even in the context of a civil rights claim, is no less beneficial to plaintiffs than it is to defendants, and is consistent with the policy and intent of § 1988. *Marek,* 105 S.Ct. at 3018; *Evans,* 106 S.Ct. at 1540.[8]

Nevertheless, just as a civil rights plaintiff should not be treated more favorably than any other plaintiff for the purposes of settlement under Rule 68, he should also not be treated less favorably. To disregard pre-offer costs and fees under Rule 68 forces a civil rights plaintiff to assess the value of his claim according to the probable damage award. This is one aspect of settlement where seemingly equal treatment disfavors the civil rights plaintiff, because the Rule 68 computation would not account for the fact that the typically lower monetary value of a civil rights claim handicaps the plaintiff's ability to attract competent counsel. If the plaintiff accepts a lump sum offer on relief as well as costs and fees, he would be unable to compensate his counsel. If he rejects such an offer, there is a definite risk that the damage award he finally obtains will be less favorable, and hence, the plaintiff will be denied post-offer fees under Rule 68.

---

**5.** In addition, the damages the plaintiff recovers deter future civil rights violations. *McCann v. Couglin,* 698 F.2d 112, 129 (2nd Cir.1983). "This deterrent effect is particularly evident in the area of individual police misconduct [as involved in the instant case], where injunctive relief generally is unavailable." *Rivera,* 106 S.Ct. at 2695.

**6.** The decision in *Rivera* was a plurality opinion. However, in his concurrence, Justice Powell stated that "[n]either the decisions of this Court nor the legislative history of § 1988 support ... [a] rule of proportionality between the fee awarded and the damages recovered in a civil rights case." 106 S.Ct. at 2709 (Powell, J., concurring in the judgment).

**7.** An interpretation of Rule 68 that would disallow the inclusion of pre-offer fees in arriving at the relevant figure to compare to a defendant's offer of judgment also raises serious doubts as

to its appropriateness under 28 U.S.C. § 2072. Section 2072 provides that rules of procedure adopted by the Supreme Court pursuant to that section "shall not abridge, enlarge or modify any substantive right." Any interpretation of Rule 68 that significantly undercuts the substantive policies underlying § 1988 conflicts with § 2072.

**8.** We note, however, that in *Marek* the combination of relief on the merits *and* pre-offer attorney's fees was less than the defendant's Rule 68 offer of judgment. Thus, it was clear then that the plaintiff in that case did not obtain a result more favorable than the offer of judgment. *Evans* concerned a settlement offer the plaintiff accepted, but that he subsequently attempted to modify by seeking attorney's fees, despite the waiver of those fees.

Congress, through § 1988, has accorded civil rights plaintiffs special status. To implement Rule 68 in the manner argued for by the defendants would strip such plaintiffs of the benefits of § 1988, and would disregard the value to society of the effective enforcement of civil rights. Were it not for a civil rights plaintiff's ability to attract competent counsel by the promise, under § 1988, of attorney's fees (for the successful prosecution of a claim), civil rights guaranteed by the Constitution and by federal statutes would be hollow indeed. Hence, we hold that pre-offer attorney's fees must be added to the judgment award for the purposes of determining whether the result obtained by a plaintiff is more favorable than the offer of judgment he rejected.

The conclusion we reach is supported by the Supreme Court's analysis of Rule 68 in *Marek*. Rule 68 refers to the "judgment" obtained by the plaintiff. There is no reason to understand the term "judgment" to refer only to the jury's verdict on damages, rather than to both the verdict and the district court's determination of reasonable pre-offer fees under § 1988. In determining whether the term "costs," as it appears in Rule 68, includes attorney's fees, the Court in *Marek* looked to the fact that "Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit," *Marek*, 105 S.Ct. at 3017, and concluded that "such fees are subject to the cost-shifting provision of Rule 68." *Id.* By parity of reasoning, the amount of fees allowed the plaintiff for pre-offer legal services is relevant to the determination whether Rule 68 applies in a particular case. As the Court in *Marek* observed, "At the time the offer is made, the plaintiff knows the amount in damages caused by the challenged conduct. The plaintiff also knows, or can ascertain, the costs then accrued. A reasonable determination whether to accept the offer can be made by simply adding these two figures and comparing the sum to the amount offered." 105 S.Ct. at 3016.

## B. Oral Offer

The plaintiff in the instant case also argues that the oral offer of $7,500.00 made at the final pre-trial settlement conference does not satisfy the formal requirements for a valid Rule 68 offer of judgment. We agree. Rule 68 expressly requires that an offer of judgment be "served" upon the plaintiff. Rule 5(a) provides that an "offer of judgment ... shall be served upon each of the parties." Furthermore, Rule 5(b) provides that "[s]ervice ... shall be made by delivering a *copy* to [the party or his attorney]" (emphasis added). To accept the defendants' position would lead to the unsupportable conclusion that one can "serve" an oral statement. Thus, although Rule 68 does not specify that an offer of judgment be in writing, the requirement that the offer be served upon the plaintiff makes no sense unless it means that the offer must be written.

The defendants argue that the $7,500.00 settlement offer "extended" a previous offer of judgment that did satisfy the formal requirements of Rule 68, but which the plaintiff had rejected. The defendants' argument overlooks the fact that, although a rejected offer retains its vitality for the purposes of shifting fees under Rule 68, once rejected the offer is, according to the Rule, "deemed withdrawn." The defendants also argue that it is sufficient for the purposes of Rule 68 that the offer of $7,500.00 was made at a final settlement conference called by the district judge pursuant to Rule 16(a). The defendants maintain that "[i]f defendants are uniformly required to adhere to the procedural niceties of Rule 68 in order to invoke the holding of *Marek*, the purposes underlying Rule 16 will be effectively emasculated." Reply Brief at 4. The defendants' argument proves too much, because it would mean that every offer of settlement made at a Rule 16 conference would be a valid Rule 68 offer of judgment. Such a conclusion disregards the language of Rule 68, without drawing support from Rule 16.

In addition, if the plaintiff tentatively accepts an oral offer made in the course of

settlement negotiations he is not foreclosed from reconsidering, once the exact terms of the offer are put into writing. Moreover, the parties can clarify or eliminate ambiguous or unacceptable terms or conditions of the offer. This is not the case, however, with a Rule 68 offer of judgment. The effect of a rejected offer of judgment is determined by the terms of the offer as they existed at the time the plaintiff rejects it. It would be ill-advised to impose the risk on a plaintiff of the ambiguity of an oral offer made at a settlement conference.

Thus, the settlement offer of $7,500.00 made by the defendants did not satisfy the requirements of Rule 68, and cannot cut off the plaintiff's post-offer attorney's fees.

### III

For the reasons stated above, the judgment of the district court is

AFFIRMED.