Bonnie RATEREE, et al., Plaintiffs,

v.

Damon ROCKETT, et al., Defendants.

No. 85 C 4700.

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1987.

---

Alan M. Freedman, Bruce H. Bornstein, Freedman & Bornstein, Chicago, Ill., for plaintiffs.

William J. Holloway, Thomas S. Malciaskas, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This opinion deals with a post-judgment dispute in this action brought under 42 U.S.C. § 1983 ("Section 1983")—a dispute as to plaintiffs' right to recover attorney's fees as part of costs under 42 U.S.C. § 1988 ("Section 1988"). Because this Court has explained the nature and background of the underlying action itself in an earlier published opinion (630 F.Supp. 763 (N.D.Ill.1986)[1]), this opinion will assume familiarity with that background and proceed directly to the consideration of the current motion.

For current purposes, the relevant occurrences began shortly before the scheduled trial date of June 23, 1987—which was known to counsel for both sides as a firm date, with this Court having reserved the anticipated trial time on its calendar and with no other case set for the same time period.[2] On June 11 the City Council of defendant City of Harvey ("City") met in executive session[3] and resolved to try to settle the case.

On June 12 defendants' counsel therefore telephoned plaintiffs' counsel and said (1) City was offering $71,000 in settlement (the total amount authorized by the City Council, though plaintiffs' counsel of course had no way of knowing the nature of the discussion that had taken place in the Council's executive session) and (2) City had to have an answer by the end of that day.[4] Plaintiffs' counsel said he could not assure a response to the offer before June 12 had passed (at least in part because of the logistical problems inherent in having to reach and confer with all four plaintiffs). Defendants' counsel then decided to put the offer in a form and manner that would comply with Fed.R.Civ.P. ("Rule") 68.

Defendants' counsel did just that the very same afternoon (see Ex. C). On the next business day (Monday, June 15) plaintiffs accepted the Rule 68 offer unconditionally (see Ex. D). Defendants' counsel then sought to obtain execution of a "settlement agreement and release" (Malciauskas Aff. ¶ 7), but plaintiffs' counsel took the position that the Rule 68 offer and acceptance had disposed of the matter except for the award of costs (including reasonable attorney's fees), which plaintiffs would then proceed to seek.

On June 19 the Clerk of this District Court entered judgment in accordance with the Rule 68 offer, as the Rule itself required:

> IT IS ORDERED AND ADJUDGED that judgment is hereby entered in favor of plaintiffs Bonnie Rateree, Ken Vaughn, William Gardner and Leander Brown and against defendant City of Harvey pursuant to Rule 68, F.R.C.P. in the amount of $71,000.00.

Now the parties dispute the costs (and attorney's fees) issue.

---

1. On April 24, 1987 this Court issued another opinion, this time denying a motion for summary judgment brought against one of the plaintiffs. Because that opinion explored no legal concepts in a context justifying publication, it is available only on Lexis and Westlaw.

2. That is the practice uniformly followed by this Court, and this Court always explains that to counsel at the pretrial conference regularly held within a few days after counsel's submission of the jointly-proposed Final Pretrial Order.

3. Under the Illinois Open Meetings Act, Ill.Rev. Stat. ch. 102, ¶ 42, matters in litigation are among the limited subjects that may be dealt with in executive session of a body such as the City Council.

4. Counsel for the parties differ in their recollections as to key aspects of that conversation (see attached Ex. A, the affidavit of defendants' lawyer Thomas Malciauskas ("Malciauskas Aff. ¶ —"), and Ex. B, the affidavit of plaintiffs' lawyer Alan Freedman ("Freedman Aff. ¶ —")). However, this paragraph and the next paragraph in the text reflect only matters on which no dispute exists.

### Rule 68 Principles

By chance two of this Court's earlier cases have been at the cutting edge of the law of Rule 68. In the more important of those, *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985),[5] the Supreme Court reversed our Court of Appeals' reversal (720 F.2d 474 (7th Cir.1983)) of this Court's decision (547 F.Supp. 542 (N.D.Ill.1982)). This Court had held, and the Supreme Court confirmed, that a plaintiff's rejection of a Rule 68 offer *did* cut off the plaintiff's recovery of post-offer attorney's fees in a Section 1983 case where the ultimate judgment at trial proved to be less than the offer. And that of course is the main goal of a Rule 68 offer in the Section 1983 context.[6]

*Marek,* 473 U.S. at 6, 105 S.Ct. at 3015-16 (citation omitted) states the operative rules for purposes of the current motion in unmistakable terms:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion ...

it determines to be sufficient to cover the costs.

There is no question that defendants' offer fit the second of those descriptions: It did *not* say that costs were included, nor did it specify an amount for costs.[7] What the immediately following language in *Marek, id.* (emphasis in original) makes plain (in accordance with Rule 68's language, which makes costs a component of every valid offer under the Rule) is that defendants' silence on that score is conclusive:

> Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

Thus plaintiffs must win here unless defendants can advance some predicate for an escape from *Marek*'s teaching.

To that end defendants' counsel evidences substantial creativity (albeit some disingenuity en route) in trying to extricate defendants from liability. None of the arguments works.

In large part defendants seek to draw on a distortion of contractual principles. For

---

**5.** Indeed, *Marek* is the most recent and clearly the leading expression by the Supreme Court in the area bearing on the issue now posed to this Court.

**6.** Rule 68 is framed so that its only impact is on the taxability of post-offer "costs." But in the garden variety lawsuit, taxable "costs"—pretty much a term of art, see 28 U.S.C. § 1920 and *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)—are ordinarily a minimal consideration in relation to the amount in controversy between the litigants. Hence the use of Rule 68 tends to be important only in actions in which a statutory provision (such as Section 1988) defines "costs" as embracing attorney's fees.

**7.** D.R.Mem. 2–3 claims the Rule 68 offer did fit the first (rather than the second) *Marek* definition because it spoke of "Judgment in the total amount of Seventy-One Thousand Dollars ($71,-000.00)." Defendants rely not on any "recit[al]" or "specifi[cation]" in the offer, as *Marek* expressly calls for, but on an inference sought to be drawn solely from the offer's inclusion of the

word "total." That proposition is unacceptable—especially given how recent, how specific and how definitive the Supreme Court's decision in *Marek* is: one much discussed in the legal literature. Defendants were free to draft their Rule 68 offer however they chose, and the principle of contra proferentem has to be added to defendants' failure to respond to the clear directive in *Marek.* Indeed, plaintiffs point to the fact that City has, in another case in which plaintiffs' counsel were also involved (*Cantrell v. City of Harvey,* No. 83 C 2110 (N.D.Ill.)), made a Rule 68 offer "for a sum including costs now accrued and attorney's fees under 42 U.S.C. § 1988 of $50,250.00...." Certainly City cannot say it did not know how to "recite[ ] that costs are included" (*Marek,* 473 U.S. at 6, 105 S.Ct. at 3015) if it *wanted* to do so. Or to put the other side of the coin, plaintiffs' counsel (well aware of *Marek,* see Freedman Aff. ¶ 5) was certainly entitled to take defendants' offer at face value in deciding whether to accept it or to go to trial.

**1158**

one thing they try to put the onus on plaintiffs (D.Mem. 4, citations omitted):

> The Notice of Acceptance filed with this Court set forth no claim, counter-offer or demand for additional costs and fees above the $71,000.... If plaintiffs wished to obtain additional costs or fees before accepting the offer of judgment, they should have insisted that defendants so provide instead of unconditionally accepting the offer.[8]

That of course is at war both with *Marek* and with the whole concept of Rule 68, which gives the defendant full control over defining the terms of its own offer. And consistently with the whole offer-and-acceptance notion, a plaintiff *cannot* do anything except simply say "I accept" if he or she expects to enforce the offer under Rule 68.

In much the same vein, defendants say plaintiffs cannot recover attorney's fees because they failed to seek an amendment to the judgment under Rule 59(e) to specify such a recovery. But Rule 54(d) specifically provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

*White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) teaches Rule 59(e) is *not* the provision that controls fee awards under Section 1988. Though the Court was not required to decide in *White* whether Section 1988's inclusion of attorney's fees as part of "costs" rendered a post-judgment fee request a motion un-

der Rule 54(d) (see 455 U.S. at 454–55 n. 17), our own Court of Appeals has held Rule 54(d) does govern such requests (*Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1247–49 (7th Cir.1982), *aff'd* (though not dealing with this issue), 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984)).

Where as here the judgment is silent on the subject, Rule 54(d) provides plaintiffs are absolutely entitled to an allowance of costs (which under Section 1988 means fees as well) "as of course," and there is no need for any amendment to the judgment to bring about that result. Instead, any burden of amendment to *negate* the payment of plaintiffs' attorney's fees must fall on defendants.

Next defendants urge that both parties understood the $71,000 offer "was thought to be a final and total settlement of the plaintiffs' case" (D.Mem. 5), but that plaintiffs now engage in "a transparent effort to take advantage of what has apparently become an ambiguity in the written language of the Offer" (*id.*). Again each of defendants' arguments is wholly unpersuasive.

As for the first of those quoted statements, our Court of Appeals' analysis in *Grosvenor v. Brienen*, 801 F.2d 944, 948–49 (7th Cir.1986) sensibly rejects defendants' attempt to make the asserted pre-offer oral discussions a part of the Rule 68 offer.[9] Indeed the differences between the affidavits of the opposing parties' lawyers (Ex. A and Ex. B), illustrating how differing perceptions and recollections of conversations can lead to good faith differences in understanding, shows just how wise is the

---

**8.** [Footnote by this Court] For this last proposition defendants cite *Pigeaud v. McLaren*, 699 F.2d 401 (7th Cir.1983), the other of the Rule 68 cases that originally emanated from this Court (*Pigeaud* affirmed this Court's opinion at *Coleman v. McLaren*, 92 F.R.D. 754 (N.D.Ill.1981)). But that misses the entire thrust of *Pigeaud.* What this Court held in that case (92 F.R.D. at 757), and what the Court of Appeals specifically confirmed (699 F.2d at 403), was that (1) "costs" under Rule 68 did not embrace attorney's fees unless there was a governing statute that so provided (Section 1988 is a prime example of such a statute) and (2) in a situation where

"costs" did not thus include attorney's fees, a plaintiff had to insist on specific inclusion of an attorney's fee component as part of the Rule 68 offer if he or she wanted to collect such fees. That meshes perfectly with *Marek* and with the result reached in this opinion.

**9.** Though *Grosvenor* dealt directly with the ineffectiveness for Rule 68 purposes of oral settlement discussions after, rather than before, a Rule 68 offer, its reasoning as well as its language (801 F.2d at 948–49) are squarely applicable to the situation before this Court.

*Grosvenor* distinction between oral settlement offers and written Rule 68 offers.

As for the second of defendants' statements, it is really astonishing for the party who had total control of drafting a Rule 68 offer (as defendants did) to complain of "what has apparently become an ambiguity in [its] written language...." This is not just a matter of making one's bed and having to lie in it. As plaintiffs' counsel say (P.Mem. 5):

> The defendant is attempting to have its cake and eat it too; under its theory the City can sit back and interpret the offer based on the factual circumstances it finds itself in. For example, a likely scenario would have been that if Plaintiffs had rejected the offer and received a verdict of anything less than $71,000 at trial, the Defendant would have argued that the plain language of the offer excluded fees and costs, and therefore Plaintiffs would be responsible for the costs incurred after rejection of the offer.[10] The purpose of a Rule 68 Offer is not to engage in a guessing game that allows the defendant to interpret what it means depending on the changing circumstances it may find itself in. The Plaintiffs are entitled to rely on the plain and unambiguous language of the Rule 68 Offer and the case law interpreting said language; it would be ludicrous and manifestly unjust to allow the Defendants to argue after the fact that their offer really means more than it says.

It is unnecessary to speculate on the "likelihood" of the "scenario" suggested by plaintiffs. What is instead significant and controlling is that the principle now urged by defendants would facilitate such an impermissible result. That principle must be rejected.

Relatedly defendants contend they should be relieved of the bargain they made when they wrote their own offer and plaintiffs accepted it. D.Mem. 6 claims "there has been a gross misunderstanding between the parties, an obvious failure to reach a meeting of the minds, and no resolution of the underlying cause of action."

That too distorts fundamental contract law, under which a party is bound by the objective meaning of language he or she has chosen and will not be heard to claim a different subjective intent. Judge Learned Hand's famous "twenty bishops" analogy in *Hotchkiss v. National City Bank of New York*, 200 F. 287, 293 (S.D.N.Y.1911), *aff'd*, 201 F. 664 (2d Cir.1912), *aff'd*, 231 F. 50 (1916) remains the most eloquent exposition of the proposition:

> Moreover, it is of no consequence for another and deeper reason: A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent. If, however, it were proved by twenty bishops that either party, when he used the words, intended something else than the usual meaning which the law imposes upon them, he would still be held, unless there were some mutual mistake, or something else of the sort.

As defendants' last-ditch contract-related effort, they ask to be relieved under Rule 60(b)(1) from the effect of their offer. But even accepting at face value defendants' position that their subjective intention differed from the objective meaning of the offer they chose to make, to grant relief for that difference would amount to relieving a party from the effects of its own unilateral mistake of fact as to the operation of Rule 68 or—more likely—a mistake of law. Neither of those is the function of Rule 60(b)(1). As 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2858, at 170 (1973) (footnotes omitted) succinctly states a litigant's nonentitlement to Rule 60(b)(1) relief in the circumstances here:

> Ignorance of the rules is not enough, nor is ignorance of the law.

---

**10.** [Footnote by this Court] That is precisely what happened in *Marek.*

## Conclusion

As prevailing parties in this action,[11] plaintiffs are entitled to costs (including attorney's fees) under Section 1988. This case is set for a status hearing September 8, 1987 at 9:15 a.m. to discuss the procedures for resolving the amount of plaintiffs' entitlement.[12]

## EXHIBIT A

## AFFIDAVIT

I, THOMAS S. MALCIAUSKAS, being duly sworn upon oath, depose and state as follows:

1. I am a partner in the law firm of HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER and a counsel of record on behalf of the City of Harvey and all defendant Commissioners in the above-captioned matter. As counsel, I am familiar with the facts of this case.

2. Trial of this matter was set for June 23, 1987. On Thursday, June 11, 1987, I attended an executive session of the Harvey City Council, which met and resolved to attempt a settlement of the action by authorizing a lump sum total of $71,000 to be offered to plaintiffs. The Council placed no restrictions on how this sum could be divided among plaintiffs or their attorneys, but resolved that all liability would be covered from this amount and that this offer would be final.

3. On Friday morning, June 12, 1987, I contacted Alan Freedman, plaintiffs' counsel, and advised that the defendants were prepared to offer a total of $71,000 to plaintiffs to settle this case. I further stated that said sum could be apportioned among plaintiffs and their counsel as damages, fees or costs as plaintiffs saw fit. I further stated that the defendants' offer was final and that no additional dollars would be made available.

4. Mr. Freedman replied that he would attempt to reach his clients with the offer that afternoon and respond the same day or no later than the following Monday. No request was made by Freedman to include provisions for additional costs and fees in excess of the amount offered. Freedman then acknowledged that said offer should be memorialized as an offer of judgment and immediately tendered since trial was set to begin ten days later and Freedman was uncertain whether he could reach his clients that afternoon.

5. A written offer of judgment reflecting the City Council's attempt to settle the action and my conversation with plaintiffs' attorney was tendered that afternoon in the "total" amount of $71,000.

6. I received no communications from plaintiffs' counsel until the following Monday, June 15, 1987, when I received plaintiffs' unconditional notice of acceptance.

7. I subsequently contacted Mr. Freedman regarding execution of a settlement agreement and release. Freedman advised that no agreement would be entered, that plaintiffs would appeal the prior dismissal of individual defendants, that plaintiffs would take the $71,000 and that cost and fee petitions in excess of the purported offer would be filed.

---

**11.** Justice Powell's concurrence in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 363, 101 S.Ct. 1146, 1155, 67 L.Ed.2d 287 (1981) stated the apparent truism that "a Rule 68 Offer of Judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party"; accord, *Rohrer v. Slatile Roofing & Sheet Metal Co.,* 655 F.Supp. 736, 739 (N.D.Ind.1987). Even so, under the circumstances of this case that certainly does not mean plaintiffs are entitled to recover for *all* services rendered by their counsel. It is obviously premature to deal more extensively with that subject now, other than to issue this caveat.

**12.** After the current dispute erupted, defendants sought to finesse the problem by tendering a $71,000 check with a restrictive endorsement containing full release language. Plaintiffs retaliated by filing another lawsuit in this District Court (*Rateree v. Piekarski,* No. 87 C 6284), and that lawsuit has been reassigned to this Court's calendar on relatedness grounds. On July 27 this Court granted plaintiffs' motion to place the $71,000 into the Clerk of Court's hands without prejudice to either side's legal position. In light of this opinion, this Court is contemporaneously entering an order in the 87 C 6284 action disbursing the $71,000 (and any earned interest) to plaintiffs. At the status hearing referred to in the text, the disposition of that action will also be dealt with.

8. All parties have failed to reach a meeting of the minds regarding the offer and settlement.

FURTHER AFFIANT SAYETH NOT.

/s/ Thomas S. Malciauskas
THOMAS S. MALCIAUSKAS

SUBSCRIBED and SWORN to

before me this 3 day

of August, 1987.

_____

NOTARY PUBLIC

## EXHIBIT B

## AFFIDAVIT

I, ALAN M. FREEDMAN, being duly sworn upon oath, depose and state as follows:

1. I am one of two partners in the Law Firm of Freedman & Bornstein, and am counsel of record on behalf of all Plaintiffs in the above-captioned matter. As counsel, I am familiar with the facts of this case.

2. On Friday morning, June 12, 1987, I did have a telephone conversation with Attorney Thomas Malciauskas and he orally offered my clients $71,000.00 to settle this case. Mr. Malciauskas indicated that my clients could divide the proceeds as they deem fit. There was however no discussion of costs or attorney fees.

3. Mr. Malciauskas further requested my clients decide that day if they wanted the $71,000.00. I informed Mr. Malciauskas that was impossible, because there were four Plaintiffs involved. Mr. Malciauskas then informed me he was going to serve our firm with a Rule 68 Offer. Mr. Malciauskas indicated to me that the purpose of the Rule 68 Offer was to shift fees and costs to my clients if they collectively obtained a judgment of less than $71,-000.00. Mr. Malciauskas further indicated that future costs were going to be expensive because he was going to order a daily copy of the trial transcript.

4. Shortly after the telephone conversation with Mr. Malciauskas, I received a copy of the Rule 68 Offer which was silent as to fees and costs.

5. In reading the Rule 68 Offer, I was aware of the cases of *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), and *Grosvenor v. Brienen*, 801 F.2d 944 (7th Cir.1986). I had also received a previous Rule 68 Offer in another case (see Exhibit C) from the City of Harvey, which specifically mentioned the issue of costs and fees.

6. I advised my clients to accept the Rule 68 Offer in light of the recent case law from the U.S. Supreme Court and 7th Circuit United States Court of Appeals.

/s/ Alan M. Freedman
ALAN M. FREEDMAN

SUBSCRIBED and SWORN to before me this 3rd day of August, 1987.

Anna Uselding
Notary Public

## EXHIBIT C

## OFFER OF JUDGMENT

Defendant CITY OF HARVEY, ILLINOIS, by its undersigned attorneys and pursuant to Rule 68 of the Federal Rules of Civil Procedure, submits the following Offer of Judgment in the total amount of Seventy-One Thousand Dollars ($71,000.00) to plaintiffs BONNIE RATEREE, KEN VAUGHN, WILLIAM GARDNER and LEANDER BROWN in the above-captioned action.

CITY OF HARVEY, ILLINOIS
BY: /s/ Thomas S. Malciauskas
BY: ONE OF ITS ATTORNEYS

WILLIAM J. HOLLOWAY, ESQ.

THOMAS S. MALCIAUSKAS, ESQ.

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER

69 WEST WASHINGTON STREET

SUITE 2700

CHICAGO, ILLINOIS 60602

(312) 630-4400

## EXHIBIT D

## NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT

Plaintiffs, BONNIE RATEREE, KEN VAUGHN, WILLIAM GARDNER and

LEANDER BROWN, by their attorneys FREEDMAN & BORNSTEIN, P.C., hereby accept the OFFER OF JUDGMENT submitted by Defendant CITY of HARVEY pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of Seventy-One Thousand Dollars ($71,000.00).

/s/ Bruce H. Bornstein
One of Plaintiffs Attorneys

ALAN M. FREEDMAN

BRUCE H. BORNSTEIN

FREEDMAN & BORNSTEIN, P.C.

127 N. Dearborn, Suite 914

Chicago, Illinois 60602

(312) 726–1731