866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annie G. AUSTIN, Housing Opportunities Made Equal, Inc.,
Plaintiffs-Appellants, Cross-Appellees,
v.
John R. STRAUSS, Trustee, Defendant-Appellee, Cross-Appellant.
 Nos. 88-3030, 88-3048.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 The plaintiffs appeal and the defendant cross-appeals from the district court's order granting plaintiffs' motion for attorney fees of $14,282.50 and denying their motion for supplemental attorney fees of $1,703.00. We find no abuse of discretion and affirm the district court's order.
 
 
 2
 This action arose from defendant's alleged discriminatory refusal, in November and December 1985, to rent an apartment to plaintiff Annie Austin, who is black. Plaintiffs' claim of discrimination was based in part on rental "tests" conducted by Housing Opportunities Made Equal, Inc. (HOME), a non-profit corporation that employs white and black "testers" who pose as interested housing buyers and renters. Defendant Strauss owned the Four Worlds Apartments. Ms. Austin sought to rent a specific apartment in the building and was told by Strauss's employee that the apartment was not available, having been committed to another renter. Actually it had not and, upon learning that, Ms. Austin complained of discriminatory treatment. Sometime thereafter, Strauss fired the employee and rented the apartment to Ms. Austin. After moving into the apartment, Ms. Austin, through an attorney, demanded money damages from Strauss for a violation of her civil rights.
 
 
 3
 In March 1986, defendant offered to pay Ms. Austin $15,000 to settle the entire matter. She rejected this offer and filed suit along with HOME for housing discrimination under 42 U.S.C. Secs. 1981, 1982, and 3601 et seq., seeking damages of $225,000, injunctive relief, costs, and attorney fees. In April 1987, all of plaintiffs' claims were settled, except for costs and attorney fees, in an agreement obligating defendant to pay Ms. Austin $15,000 and to enter a consent decree with HOME prohibiting discrimination and requiring affirmative action until December 31, 1989.
 
 
 4
 After this settlement was reached, plaintiffs filed a motion under 42 U.S.C. Secs. 1988 and 3612(c) for award of attorney fees of $14,282.50. In August 1987, plaintiffs filed a motion for supplemental attorney fees of $1,703.00. In an order dated December 1987, the district court awarded plaintiffs attorney fees of $14,282.50, but denied their motion for supplemental fees of $1,703.00. This appeal and cross-appeal followed.
 
 
 5
 This court reviews challenges to attorney fees awards under an abuse of discretion standard:
 
 
 6
 The decision to award attorney's fees is committed to the discretion of the trial judge ... as is the amount of the fee award. The standard of appellate review of a district court's award of attorney's fees to a prevailing party under Sec. 1988 is whether the trial court abused its discretion in making or denying the award.
 
 
 7
 Tarter v. Raybuck, 742 F.2d 977, 986 (6th Cir.1984) (citations omitted), cert. denied, 470 U.S. 1051 (1985).
 
 I.
 
 8
 Under 42 U.S.C. Secs. 1988 and 3612(c), a "prevailing party" may obtain attorney fees. The Supreme Court has defined a prevailing party as follows:
 
 
 9
 A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is "reasonable."
 
 
 10
 Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted). Defendant argues that the district court's finding that plaintiff Austin was a prevailing party was erroneous because the relief she obtained in the April 1987 settlement was "substantially identical" to the offer Strauss made to Ms. Austin in March 1986, before suit was filed.
 
 
 11
 We reject this argument for several reasons. First, to say that the relief Ms. Austin obtained--$15,000 plus the right to claim attorney fees--and the March 1986 offer--$15,000--were "substantially identical" presumes the question at issue: whether Ms. Austin is entitled to attorney fees in addition to the $15,000. Defendant presents no arguments contesting the award of pre-March 1986 attorney fees, which defendant estimates as approximately $3,000. Thus, by reserving a claim for attorney fees in the April 1987 settlement, Austin effectively obtained a right to recover at least $18,000, whereas by the March 1986 offer, she would have recovered only $15,000.
 
 
 12
 Moreover, it is undisputed that co-plaintiff HOME was a prevailing party because it obtained a consent decree in settlement of its claim, which arose largely out of defendant's alleged discriminatory treatment of Ms. Austin. This court has held: "If ... the case effectively revolves around one claim and a core of common facts ... then the 'overall result' will remain the primary factor in determining counsel fees." In re Lewis, 845 F.2d 624, 631-32 (6th Cir.1988). This case "revolv[ed] around" defendant's alleged discriminatory denial of housing to Ms. Austin, and the "overall result"--defendant's payment of a settlement and his agreement to a consent decree--was that plaintiffs' were successful. Under the rationale of Lewis, therefore, plaintiffs are prevailing parties and entitled to attorney fees.
 
 
 13
 In any event, the Supreme Court has stated that a party is "technically the prevailing party" even when a rejected settlement offer exceeds plaintiff's ultimate recovery at trial. Marek v. Chesny, 473 U.S. 1, 11 (1985). Thus, even if Ms. Austin's recovery and the March 1986 settlement offer were "substantially identical," Ms. Austin would nonetheless be a prevailing party under this reasoning.
 
 
 14
 We hold that the district court correctly found Ms. Austin to be a prevailing party.
 
 II.
 
 15
 Defendant argues that even if Ms. Austin was a prevailing party, "special circumstances" are present such that it was an abuse of discretion for the district court to award attorney fees.[1] See Kentucky v. Graham, 473 U.S. 159, 164 (1985). Defendant relies on another part of the Supreme Court's opinion in Marek in which the Court held that Fed.R.Civ.P. 68, which provides for denial of post-settlement offer costs to a party who rejects the settlement offer and obtains a less favorable judgment, applies to attorney fees recoverable under 42 U.S.C. Sec. 1988. The plaintiff in Marek, who rejected a settlement offer of judgment of $100,000 but recovered at trial only $60,000 plus $32,000 in pre-offer costs and attorney fees, was prohibited from recovering $140,000 in post-offer costs and attorney fees.
 
 
 16
 We hold that the rationale of Marek should not be extended to the present case. Defendant, understandably, does not argue that the Rule 68 offer of judgment provision applies to this case. Even if it did, this case is clearly distinguished from Marek. Unlike the plaintiff in Marek, Ms. Austin's recovery was not exceeded by the initial settlement offer. As noted, when pre-offer attorney fees are considered, Grosvenor v. Brienen, 801 F.2d 944, 948 (7th Cir.1986), Ms. Austin's recovery was at least approximately $18,000. Moreover, it is undisputed that plaintiffs benefited from post-offer legal work to the extent that HOME obtained the consent decree. Because this case "effectively revolves around one claim and a core of common facts," In re Lewis, 845 F.2d at 631-32, there is no basis to analyze separately the results achieved by the two plaintiffs.
 
 
 17
 We hold that there were no "special circumstances" compelling a denial of attorney fees and that the district court was within its discretion in its award of attorney fees to plaintiffs.
 
 III.
 
 18
 Plaintiffs argue that the district court abused its discretion by denying their motion for supplemental attorney fees of $1,703.00. Based on our review of the record, we find no basis whatever for an award of supplemental attorney fees and no abuse of discretion in the district court's refusal to award them. Accordingly, we affirm the district court's order.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Defendant's argument focuses on the award of attorney fees to co-plaintiff Austin, although the fee award was to both plaintiffs