951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas T. KNESS, Plaintiff-Appellant,
v.
Al JANTZ, Jantz Auto Parts, Jantz Auto Sales, Incorporated,
et al., Defendants-Appellees.
 No. 91-1369.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Jan. 6, 1992.
 
 1
 Before WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge
 
 ORDER
 
 2
 Thomas Kness brought this section 1983 action against the towing company who, at the request of the Kenosha Police, towed and later scrapped three inoperable vehicles from his premises. The district court dismissed this suit, finding it frivolous because it is barred by the statute of limitations and res judicata. The district court awarded costs to the defendants. We affirm.
 
 I. MERITS
 
 3
 This suit is identical to another § 1983 suit brought against these same defendants and other Kenosha city officials. One difference, Kness claims attempting to avoid the bar of res judicata, is that in the prior suit he sued the Jantz defendants in their official capacity, whereas now he brings suit against these defendants in their individual capacity. He further contends that the suit is not barred because he raises an equal protection challenge, unlike the due process violation he alleged in the prior suit. He also claims, even though the cars were towed over six years before he filed the present suit, this suit is not barred by the statute of limitation because it is based, in part, on information he obtained during the trial of the first lawsuit. He claims that he did not know until trial that the cars had been destroyed; therefore, he was unable to have an expert valuate the cars, which resulted in an erroneous awarding of one dollar in nominal damages in the first suit.[1]
 
 
 4
 Because Kness brought the earlier § 1983 action in federal court, the federal rules of claim preclusion apply. Conner v. Reinhard, 847 F.2d 384, 394 (7th Cir.1988). Res judicata bars a subsequent suit when there is: "(1) an identity of the parties or their privies; (2) an identity of the causes of action and (3) a final judgment on the merits." Id. In addition, res judicata bars not only the issues that were actually litigated, but also bars any issues which could have been raised in the prior lawsuit. Shaver v. F.W. Woolworth Co., 840 F.2d 1361, 1364 (7th Cir.1988), cert. denied, 488 U.S. 856 (1988).
 
 
 5
 The defendants named in this suit were also parties to the previous litigation. Kness could have sued these defendants in both their official and individual capacity in the first suit. That he claims he did not, does not exempt him from the bar of res judicata. Similarly, Kness could have raised the equal protection claim in the first suit. Finally, Kness complains about the valuation of the destroyed cars. This issue was litigated in the earlier suit. The trial judge determined that the cars were of no value, but that Kness could recover one dollar in nominal damages for the destroyed cars which were seized pursuant to an unconstitutional ordinance. Kness had the opportunity to contest this valuation in the earlier suit. This suit is barred by res judicata.
 
 II. COSTS AND SANCTIONS
 
 6
 The district court's order dismissing the suit awarded costs to the defendants. Kness argues that costs should not be awarded because he brought this suit in good faith. This argument is meritless. "Unless the district court otherwise directs, a prevailing party is allowed costs as a matter of course" under Federal Rule of Civil Procedure 54(d). Grosvenor v. Brienen, 801 F.2d 944, 945 (7th Cir.1986). We find no error in the taxing of costs against the plaintiff for the filing of this frivolous suit.
 
 
 7
 The defendants, in turn, request this court to impose "Rule 11 sanctions, which should include attorney fees, for filing both a frivolous suit and appeal." (Appellee's Brief at 15). Rule 11 sanctions apply only to district court proceedings. The defendants did not request Rule 11 sanctions in the district court. This argument may not be raised for the first time on appeal and, therefore, is waived. See Kensington Rock Island Ltd. v. American Eagle Historic Partners, 921 F.2d 122, 125 (7th Cir.1990).
 
 
 8
 The appellees also request sanctions for the prosecution of this appeal under Rule 11. Federal Rule of Appellate Procedure 38, not Rule 11, authorizes the imposition of sanctions for the filing of a frivolous appeal. "Determining whether to apply Rule 38 sanctions is a two-step process. The first step is determining whether the appeal is frivolous, that is whether the result is obvious or the appellant's argument is wholly without merit; the second is determining whether the case is appropriate for sanctions, that is, whether there is some evidence of bad faith." Rodgers v. Wood, 910 F.2d 444, 449 (7th Cir.1990). Although we agree that Kness' filing of this suit was completely frivolous, there is no evidence that this pro se suit was brought in bad faith.
 
 The decision of the district court is
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The defendants also claim that this court lacks subject matter jurisdiction over this suit because Kness failed to allege state action. In his complaint, Kness contends that the towing company took action at the behest of law enforcement officials, which is sufficient, at least at the complaint stage, to confer subject matter jurisdiction